PEOPLE *v.* HUGHES

CRIMINAL LAW—BREAKING AND ENTERING—LARCENY—INTENT.
> The requisite intent to commit larceny in an attempted breaking
> and entering with intent to commit larceny may be inferred
> from the nature, time, and place of the defendant's acts be-
> fore and during the attempted breaking and entering (MCLA
> § 750.110).

Appeal from Muskegon, Albert J. Engel, J. Sub-
mitted Division 3 September 1, 1970, at Grand
Rapids. (Docket No. 8,713.) Decided October 6,
1970.

Ivory Lee Hughes was convicted of attempting to
break and enter an occupied dwelling house with
intent to commit larceny. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Paul M. Ladas,*
Prosecuting Attorney, for the people.

*O'Toole & Johnson,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and
T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
13 Am Jur 2d, Burglary §§ 24–26, 52,

Per Curiam. Defendant Ivory Lee Hughes was convicted by the Muskegon County Circuit Court, sitting without a jury, of an attempt to break and enter an occupied dwelling house with intent to commit the crime of larceny therein. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287); MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He appeals as of right, alleging (1) that it was not proven beyond a reasonable doubt that he committed an act sufficient in law to constitute a criminal attempt; and (2) that there was no evidence in the record from which the trial court could conclude beyond a reasonable doubt that he intended to commit the crime of larceny. Neither of these allegations has merit and we affirm.

Defendant, under the impression that no one was home, tried to open a side window to complainant's apartment shortly after midnight. The defendant was, however, mistaken; he was observed by the complainant. The trial judge correctly found that the defendant was guilty of a criminal attempt to break and enter under the facts and circumstances presented. *People* v. *Bowen* (1968), 10 Mich App 1, and *People* v. *Coleman* (1957), 350 Mich 268.

As to defendant's second allegation, the requisite intent to commit larceny may be reasonably inferred from the nature, time, and place of his acts before and during the attempted breaking and entering. *People* v. *Gollman* (1966), 3 Mich App 463; *People* v. *Griffin* (1889), 77 Mich 585.

Therefore, after carefully reading the trial transcript, we find that the evidence was sufficient, if believed by the court, to find the defendant guilty beyond a reasonable doubt of attempt to break and enter with the intent to commit larceny. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

Affirmed.