## PEOPLE v IRBY

Docket No. 67386. Submitted June 30, 1983, at Detroit.—Decided September 28, 1983. Leave to appeal denied, 418 Mich 951.

Floyd Irby, a 15-year-old,. was bound over for trial in Detroit Recorder's Court on charges of first-degree premeditated murder and murder while perpetrating or attempting to perpetrate first-degree criminal sexual conduct. Defendant brought motions to suppress his confession and quash the information against him. The court, Warfield Moore, Jr., J., denied the

---

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ

[1] 4 Am Jur 2d, Appeal and Error § 166.

[2] 29 Am Jur 2d, Evidence §§ 408, 613.

[3] 5 Am Jur 2d, Arrest §§ 24, 32.

[4] 5 Am Jur 2d, Arrest § 25.

[5, 7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 35.

[6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 43.

[8, 11] 29 Am Jur 2d, Evidence § 574.

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 50

Voluntariness and admissibility of minor's confession. 87 ALR2d 624.

[9] 29 Am Jur 2d, Evidence § 582.

[10] 29 Am Jur 2d, Evidence § 588.

[12, 13] 21 Am Jur 2d, Criminal Law § 419.

[14, 17] 21 Am Jur 2d, Criminal Law § 418.

[15, 16] 40 Am Jur 2d, Homicide §§ 284, 285.

[18] 40 Am Jur 2d, Homicide § 45.

[19] 40 Am Jur 2d, Homicide §§ 265, 267, 275.

Presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.

[20] 40 Am Jur 2d, Homicide § 263.

[21] 65 Am Jur 2d, Rape § 3.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

motions. Defendant brings an interlocutory appeal by leave granted. *Held:*

1. The police who detained defendant in his home had probable cause to arrest him for a felony.

2. The trial court neither clearly erred nor abused its discretion by denying defendant's motion to suppress his confession. A review of the totality of the circumstances in this case is convincing that the trial court correctly found defendant's statement voluntary and admissible.

3. The trial court erred in holding that the element of premeditation was shown by evidence of manual strangulation alone. Nevertheless, the magistrate did not abuse his discretion by binding defendant over on the first-degree premeditated murder charge. The evidence of manual strangulation and defendant's subsequent actions after the victim's death do support a prima facie case of first-degree premeditated murder sufficient to introduce defendant's confession.

4. The magistrate did not abuse his discretion by binding defendant over on the felony-murder charge. The evidence presented at the preliminary examination *aliunde* defendant's confession was sufficient to establish a case of felony murder.

Affirmed and remanded for trial.

1. APPEAL — EVIDENCE — SUPPRESSION OF EVIDENCE.

The Court of Appeals reviews a trial court's decision on a motion to suppress evidence by both the abuse of discretion and clearly erroneous standards.

2. EVIDENCE — SUPPRESSION OF EVIDENCE — UNLAWFUL DETENTION OF SUSPECT — PROBABLE CAUSE.

Evidence obtained as a result of an individual's being taken into custody by the police for investigatory purposes or any statement made by the individual while so detained must be suppressed if there was no probable cause to arrest the individual.

3. ARREST — PROBABLE CAUSE.

Police must have probable cause to arrest a person where they have no warrant authorizing the arrest.

4. ARREST — PROBABLE CAUSE.

Police have probable cause to arrest where facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, to believe the suspect has committed or is committing a felony.

5. Criminal Law — Infants — Temporary Custody.

A police officer may take a juvenile under age 17 into temporary custody without a juvenile court order where conditions exist which would make an arrest lawful if the juvenile were an adult (JCR 1969, 2.2[b]).

6. Criminal Law — Infants — Temporary Custody.

A juvenile's parents or guardian must be notified once the juvenile is taken into temporary custody by the police (JCR 1969, 2.3).

7. Criminal Law — Infants — Arrest.

A child under the age of 17 arrested with or without a warrant must be taken immediately to the juvenile division of the probate court (MCL 764.27; MSA 28.886; JCR 1969, 3.3[b][1]).

8. Criminal Law — Infants — Arrest — Confessions — Suppression of Evidence.

A police officer's failure to take an arrested child under the age of 17 immediately to the juvenile division of the probate court does not per se require that the juvenile's confession taken while in police custody and otherwise voluntary must be suppressed.

9. Evidence — Confessions — Voluntariness of Confessions.

The totality of the surrounding circumstances determines whether a confession is voluntary and, thus, admissible evidence.

10. Evidence — Confessions — Custodial Interrogation — Voluntariness of Confessions — Burden of Proof.

Confessions made during a period of custodial interrogation are deemed compelled, not voluntary, in the absence of certain procedural safeguards, and the prosecution bears the burden of overcoming such a presumption and proving voluntariness.

11. Criminal Law — Infants — Confessions.

Relevant factors to be considered in reviewing the totality of the circumstances surrounding a juvenile defendant's confession are: (1) whether police have adequately informed the defendant of his or her *Miranda* rights and the defendant clearly understands and waives those rights; (2) whether, and to what degree, the police comply with the extra-procedural safeguards mandated by the juvenile court rules; (3) whether the juvenile has a parent or adult custodian present; and (4) the juvenile defendant's personal background.

12. CRIMINAL LAW — BIND-OVER — APPEAL.

A trial court reviewing a magistrate's decision to bind over may not disturb that decision unless the defendant can demonstrate a clear abuse of discretion.

13. CRIMINAL LAW — MAGISTRATES — BIND-OVER.

An examining magistrate must bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe the defendant committed it.

14. CRIMINAL LAW — BIND-OVER — BURDEN OF PROOF.

Positive proof of guilt is not required but there must be some evidence on each element of the crime charged or some evidence from which those elements may be inferred before a defendant may be bound over for trial.

15. HOMICIDE — FIRST-DEGREE MURDER — CORPUS DELICTI.

The corpus delicti of first-degree murder must be established *aliunde* a defendant's confession.

16. CRIMINAL LAW — CONFESSIONS — CORPUS DELICTI.

A defendant's confession is inadmissible until the corpus delicti is established by evidence from which a trier of fact reasonably may find that acts constituting all essential elements of the crime have been committed and that someone's criminality was responsible for the commission of those acts.

17. CRIMINAL LAW — CORPUS DELICTI — BIND-OVER.

The corpus delicti of a crime need not be proven beyond a reasonable doubt before a defendant may be bound over for trial; rather, the burden of proof requires the establishment of a prima facie case sufficient to open the door to other proof.

18. HOMICIDE — FIRST-DEGREE MURDER.

First-degree premeditated murder is common-law second-degree murder plus proof that death resulted from a premeditated, deliberate intent to kill.

19. HOMICIDE — EVIDENCE — PREMEDITATION — DELIBERATION.

Premeditation and deliberation may be indicated in a murder trial by, among other things: a prior relationship tending to show motive; a murder weapon acquired and positioned in preparation for homicide; evidence in the record supporting the inference that the killer transported the victim to a secluded location for an illicit or criminal purpose; circumstances surrounding the killing suggesting premeditation and deliberation;

and organized conduct subsequent to the killing suggesting the existence of a plan.

20. Homicide — Brutality of Killing — Premeditation — Deliberation.

The brutal nature of a killing does not in and of itself justify an inference of premeditation and deliberation.

21. Rape — First-Degree Criminal Sexual Conduct.

First-degree criminal sexual conduct is shown where there is evidence that the defendant sexually penetrated a victim over the age of 13 by means of force or coercion (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for defendant on appeal.

Before: Cynar, P.J., and Hood and R. J. Jason,* JJ.

Per Curiam. Defendant brings this interlocutory appeal by leave granted to challenge the trial court's denial of his motions to suppress evidence and to quash the information.

The facts of this case are derived from the preliminary examination transcript and the transcript of the September 24, 1982, hearing on defendant's motions. On Sunday, March 28, 1982, sometime after 10 a.m., two neighbors saw defendant, then a 15-year-old boy, take out a garbage can with something inside the can wrapped in a blanket. The neighbors questioned the defendant about the contents of the can. Defendant replied that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

can contained trash. However, when defendant attempted to lift the can over the backyard fence in order to place it in the alley, the neighbors observed defendant drop the can, the blanket unwrap, and the semi-nude body of a teen-aged girl fall out of the can. A neighbor summoned the police.

When police officers arrived, defendant told one of them that some boys in a car dropped off the body at his house and told him to get rid of it. Detroit Police Homicide Sergeant Royden Awe, the officer in charge of this investigation, said he arrived at defendant's home about noon after other officers had investigated the scene, canvassed the neighborhood, and removed the victim's body. Other police officers detained defendant in the living room of his house in the presence of defendant's stepfather. Sgt. Awe learned that defendant was a juvenile and had made the statement that boys in a car dropped the body at his house for disposal.

Sgt. Awe considered defendant either a witness or a suspect at that time. Although he knew that, as a juvenile, defendant was under the jurisdiction of the probate court and should be taken to the intake division of the youth home, Sgt. Awe instead took defendant and his stepfather to his office at the homicide section of the Detroit Police Department. After Sgt. Awe read investigation reports, he told defendant that he did not believe defendant's earlier statement about boys dropping off the victim's body. Defendant indicated he would make another statement.

In the presence of his stepfather, another police officer, and a Detroit police youth officer, Sgt. Awe read defendant his *Miranda [v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966)] rights.

Both defendant and his stepfather indicated they understood those rights. Sgt. Awe also told defendant that he had a right to have his statement taken at the youth home. Defendant indicated that he understood but preferred to make the statement at the police station. Sgt. Awe typed defendant's two-page statement from 2:55 p.m. until 3:45 p.m. Defendant, his stepfather, the youth officer, and the other officers present signed the statement. In that statement, defendant indicated he understood his right to be taken to the youth home.

In that March 28, 1982, statement defendant said he saw the victim, Pauline Ribble, walking down his street at about 10 a.m. while he was taking out the garbage. Defendant was alone because his mother was in the hospital and his stepfather was at church. Defendant said he and Ms. Ribble were both in the tenth grade at the same high school. Defendant said Ms. Ribble initiated a conversation and sexually propositioned defendant. Defendant said they went upstairs to his bedroom and engaged in consensual sexual relations.

Defendant stated that following this sexual activity, something "came over him" and he began choking Ms. Ribble. She scratched defendant and he continued to choke her until she vomited and stopped moving. Defendant took Ms. Ribble downstairs, cleaned her up, wrapped her in a blanket, and put her in a garbage can. Defendant admitted he lied about boys in a car dropping off Ms. Ribble's body.

Following defendant's statement, the youth officer processed a petition for defendant's entry into the youth home. During this time, a Wayne County medical examiner examined defendant and

noted scratches and abrasions on his person. Some-time prior to 6 p.m., the youth officer took defendant to the youth home.

An autopsy was performed on the body of 15-year-old Pauline Ribble on March 29, 1982. The medical examiner said manual strangulation caused her death. Although the medical examiner did not find lacerations or contusions in the victim's vaginal or rectal areas, swab tests of the victim's oral, vaginal, and rectal cavities produced positive evidence of seminal fluid and sperm.

On June 26, 1982, the people charged defendant with (I) the first-degree premeditated murder of Pauline Ribble and (II) the murder of Pauline Ribble while perpetrating or attempting to perpetrate first-degree criminal sexual conduct, both contrary to MCL 750.316; MSA 28.548.

At the end of the suppression hearing, the trial court found that the police had probable cause to arrest defendant based upon the information received from the neighbors. The trial court also found that defendant's confession was voluntary and admissible, given the totality of the circumstances. In an October 12, 1982, order, the trial court denied defendant's motion to quash, finding evidence of manual strangulation sufficient to show the element of premeditation necessary for bindover on Count I. Furthermore, the facts presented were sufficient to support all elements of a felony murder, or murder while perpetrating first-degree criminal sexual conduct.

Defendant raises two bifurcated arguments in this appeal. First, defendant argues that the trial court erred by failing to suppress his March 28, 1982, statement and the physical exam evidence gathered by the Assistant Wayne County Medical Examiner because (1) the police lacked probable

cause to arrest him when he was taken into custody, and (2) even if the police had probable cause to arrest him, his confession must be suppressed because Sgt. Awe took it in violation of his special rights as a juvenile. Second, defendant argues that the trial court erred by denying his motion to quash the information because (1) the people failed to show all the elements of first-degree premeditated murder absent defendant's confession, and (2) the people failed to show the elements of felony murder absent his confession.

This Court reviews a trial court's decision on a motion to suppress evidence by both the abuse of discretion and clearly erroneous standards. *People v Potter,* 115 Mich App 125, 134; 320 NW2d 313 (1982); *People v McIntosh,* 110 Mich App 139, 146; 312 NW2d 415 (1981). Under either test, we find the trial court properly denied defendant's motion in this case.

Where there is no probable cause to arrest but police officers take a defendant into custody for investigatory purposes, evidence obtained as a result of that unlawful detention or any statement made by the defendant while unlawfully detained must be suppressed. See *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975); *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963); *People v Hamoud,* 112 Mich App 348, 350-351; 315 NW2d 866 (1981), *lv den* 414 Mich 959 (1982). See, also, *People v Brown,* 120 Mich App 765, 777; 328 NW2d 380 (1982).

Where a defendant is detained without a warrant, police must have probable cause to arrest that defendant. *Hamoud, supra,* p 351. Police have probable cause to arrest when facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of

reasonable caution, to believe the suspect has committed or is committing a felony. *Hamoud,* pp 351-352; *People v Kyser,* 106 Mich App 216, 218; 307 NW2d 447 (1981).

We find that the police who detained defendant in his home had probable cause to arrest him for a felony. The officers found a dead 15-year-old girl in defendant's backyard, nude from the waist down. The officers knew that two neighbors had observed defendant carry that dead girl out of his house concealed in a garbage can. Moreover, the officers were told by defendant that unnamed boys in a car dropped off the body and told defendant to get rid of it. These facts gave the detaining officers more than a mere suspicion that defendant committed a felony. Thus, although defendant was not formally arrested when he was detained, the police had probable cause to arrest him.

The second prong of defendant's first argument is more troublesome. Defendant argues that Sgt. Awe obtained his confession at the police station in violation of his right pursuant to JCR 1969, 3.3(b)(1) and MCL 764.27; MSA 28.886 to be taken immediately to the juvenile court. Defendant argues that even if his confession were otherwise voluntary, violation of his rights as a juvenile vitiates the confession. Defendant relies upon *People v Wolff,* 23 Mich App 550, 552; 179 NW2d 206 (1970).

Pursuant to the juvenile court rules, a police officer may take a juvenile under age 17 into temporary custody without a juvenile court order where conditions exist which would make an arrest lawful if the juvenile were an adult. JCR 1969, 2.2(b). Once the juvenile is taken into such temporary custody, the juvenile's parents or guardians must be notified. JCR 1969, 2.3.

JCR 1969, 3.3 provides police officers with procedures for dealing with detained juveniles suspected of serious criminal offenses where the officers do not intend to release the juvenile to his or her parent, guardian, or custodian. When, as in this case, the juvenile court is not open:

"[T]he officer taking the child in custody shall proceed as follows:

"(1) Immediately Contact the Court. The judge or a court officer previously designated by him shall be immediately contacted concerning the matter of release of the child or placement pending preliminary hearing. It shall be the duty of the court to designate such court officer, the identity of whom shall be available at court facilities open during hours the court is not open, or, in the absence of such facilities, at the office of the sheriff. Upon being contacted by the officer taking the child in custody, it shall be the responsibility of the judge or such court officer, according to the law and policies established by the court, to arrange for release of the child, or placement of the child pending preliminary hearing as provided by Rule 4.2." JCR 1969, 3.3(b)(1).

Similarly, MCL 764.27; MSA 28.886 provides that a child under 17 arrested with or without a warrant must be taken immediately to the juvenile division of the probate court.

Obviously, Sgt. Awe failed to follow the clear mandate of the above rule and statute by failing to take defendant immediately to the juvenile court. This rule and statutory right protects a juvenile's constitutional right to due process, that is, gives a juvenile an extra protection against unlawful police detention or interrogation. See *Wolff, supra,* and *People v Allen,* 109 Mich App 147, 156-157; 311 NW2d 734 (1981), *lv den* 412 Mich 913 (1982). Nevertheless, we decline to fashion a per se rule that a police officer's failure to comply with JCR

1969, 3.3 requires that a juvenile's confession taken while in police custody and otherwise voluntary must be suppressed. To the extent that *Wolff* suggests such a rule, we decline to follow that case.

Whether a confession is voluntary and, thus, admissible evidence, is determined by reviewing the totality of the surrounding circumstances. *People v Dean,* 110 Mich App 751, 754; 313 NW2d 100 (1981); *People v Sears,* 124 Mich App 735; 336 NW2d 210 (1983). In the absence of certain procedural safeguards, confessions made during a period of custodial interrogation are deemed compelled, not voluntary. *Grand Rapids v Impens,* 414 Mich 667, 672; 327 NW2d 278 (1982). The prosecution bears the burden of overcoming such a presumption and proving voluntariness. *People v White,* 401 Mich 482, 494; 257 NW2d 912 (1977).

In *People v Roberts,* 3 Mich App 605; 143 NW2d 182 (1966), this Court upheld the suppression of a juvenile's confessional statement. Roberts was charged with first-degree murder when he was 15 years old. Police officers went to Roberts' home in the early morning hours, arrested him, and took him to the police station without a parent or guardian. Police detectives interrogated Roberts in the station's interrogation room from 9:30 p.m. until 12:30 a.m. Roberts was never advised of his constitutional rights nor was there a youth officer present.

In *Roberts,* this Court recognized that the police officers had violated MCL 764.27; MSA 28.886 by failing to take the defendant immediately to the juvenile court. However, the Court of Appeals in *Roberts* affirmed the trial court's denial of defendant's motion to suppress because the lower court carefully used the totality of the circumstances

test. Indeed, the circumstances in *Roberts* show that the police did not follow constitutional procedural safeguards that are recognized as necessary for adult criminal suspects as well as neglecting to follow those extra-procedural safeguards mandated for juvenile criminal suspects. The *Roberts* Court particularly relied upon *Gallegos v Colorado,* 370 US 49; 82 S Ct 1209; 8 L Ed 2d 325 (1962), in which the United States Supreme Court found a juvenile's confession inadmissible because it was taken in disregard of recognized constitutional rights and without the juvenile's parent or adult custodian present. *Gallegos,* at 370 US 55, also relies upon a totality of the circumstances test.

In *People v Wolff, supra,* the police took a confessional statement from the 16-year-old defendant at the police station after four hours of interrogation in the presence of a prosecuting attorney, a stenographer, and two police detectives. Defendant did not have counsel or an adult custodian present. The *Wolff* Court, at 23 Mich App 552, reversed the trial court's finding that the defendant's confession was voluntary and admissible.

"We reverse on the authority of *People v Roberts,* 3 Mich App 605 [143 NW2d 182] (1966). The failure to take this minor defendant before the juvenile court *immediately,* as required by CL 1948, § 764.27 (Stat Ann 1954 Rev § 28.886), was a violation of defendant's right to due process and vitiated the August 14 confession. The subsequent finding of voluntariness did not cure this defect". (Emphasis in original.)

In *People v King,* 27 Mich App 619; 183 NW2d 843 (1970), this Court again found a juvenile defendant's confession involuntary and inadmissible, reversing a lower court ruling to the contrary. Defendant King was a 16-year-old girl arrested for

maliciously burning personal property. Police arrested her following her escape from a girls' training center, took her to a county jail, and held her there overnight. The defendant, following the execution at 3:20 a.m. of her signature on an advice of rights card, admitted that she had committed the offense. The defendant did not have a parent or adult custodian present. The *King* Court held that those circumstances plus the defendant's background and educational level made her unable to make a voluntary confession or waiver of right to counsel.

"*People v Lara,* 67 Cal 2d 365; 62 Cal Rptr 586; 432 P2d 202 (1967), dealing with the case of a 17-year-old convicted of murder, found that a minor has capacity to waive his rights and confess, but notes at p 203 (headnote 17):

" 'Admissibility of such confession depends not on his age alone but on combination of that factor with such other circumstances as his intelligence, education, experience and ability to comprehend the meaning and effect of his statement." *People v King,* p 623.

In *People v Morris,* 57 Mich App 573; 226 NW2d 565, *lv den* 394 Mich 751 (1975), this Court found a juvenile's confession admissible. Police arrested 16-year-old Morris for murder at 6:30 p.m. at his home. The officers took the defendant to the police station to process papers to have defendant admitted into the youth home. Police then transported defendant to the youth home. While there, defendant signed a form indicating that he had been informed of his constitutional rights and made a full confession in the presence of police officers, a youth home employee, and his mother. The statement was taken within two hours of defendant's arrest.

Defendant in *Morris* argued that because he was not taken immediately to the youth home, MCL 764.27; MSA 28.886, his right to due process was violated. Thus, he contended, his confession was inadmissible. The *Morris* Court said, pp 575-576:

"We reject this contention. First, the statutes in question must be afforded a reasonable construction. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970). The basic consideration in determining whether the statute has been complied with and the admissibility of the confession is the totality of the circumstances. *People v Roberts,* 3 Mich App 605; 143 NW2d 182 (1966). In *Roberts,* where it was found that the defendant was .denied due process, the court in considering whether due process had been satisfied asked:
" '* * * was an opportunity given him before his confessions to have a lawyer present, or a parent present?' *People v Roberts, supra,* 613, citing *Gallegos v Colorado,* 370 US 49 (82 S Ct 1209; 8 L Ed 2d 325) (1962).
"In the instant case defendant's mother was present with him when he confessed". (Footnote omitted.)

As we learn from the above cases, when this Court reviews the totality of the circumstances surrounding a juvenile defendant's confession, relevant factors to consider are: (1) whether police have adequately informed the defendant of his or her *Miranda* rights and the defendant clearly understands and waives those rights; (2) whether, and to what degree, the police comply with the extra-procedural safeguards mandated by the juvenile court rules; (3) whether the juvenile has a parent or adult custodian present; and (4) the juvenile defendant's personal background.

In this case, defendant gave his statement to police approximately two and one-half hours after

he was taken to the police station. His stepfather was present with him during that entire period. Both defendant and his stepfather were informed of defendant's *Miranda* rights and knowingly waived those rights. There is no evidence that defendant's confession was the result of a preliminary period of interrogation. Although Sgt. Awe failed to comply with JCR 1969, 3.3, he did inform defendant that he had a right to be taken to and questioned at the juvenile home. Defendant and his stepfather recognized that right and waived it. A youth officer was among those present while defendant made his statement. Finally, defendant had a tenth grade education.

While we do not condone Sgt. Awe's failure to strictly comply with the juvenile court rule in this case, a review of the totality of the circumstances convinces us that the trial court correctly found defendant's March 28, 1982, statement voluntary and admissible. Thus, the trial court neither clearly erred nor abused its discretion by denying defendant's motion to suppress.

Defendant's second argument is that the trial court erred by denying his motion to quash the information. A trial court reviewing a magistrate's decision to bind over may not disturb that decision unless the defendant can demonstrate a clear abuse of discretion. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979). An examining magistrate must bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe the defendant committed it. MCL 766.13; MSA 28.931; *People v Asta,* 337 Mich 590, 609-610; 60 NW2d 472 (1953). Positive proof of guilt is not required but there must be some evidence on each element of the crime charged or some evidence from which those ele-

ments may be inferred. *People v Goode,* 106 Mich App 129, 136; 308 NW2d 448 (1981), *lv den* 413 Mich 866 (1982).

Defendant argues that the magistrate abused his discretion because the prosecutor failed to show evidence of each element of either first-degree premeditated murder or first-degree felony murder *aliunde* his confession.

The corpus delicti of first-degree murder must be established *aliunde* a defendant's confession. *People v Conklin,* 118 Mich App 90, 92-93; 324 NW2d 537 (1982); see *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting *People v Allen,* 39 Mich App 483; 197 NW2d 874 (1972) (LEVIN, J., *dissenting).* A defendant's confession is inadmissible until the corpus delicti is established by "evidence from which a trier of fact reasonably may find that acts constituting all essential elements of the crime have been committed and that someone's criminality was responsible for the commission of those acts". *Conklin, supra,* p 93. See *People v Hamp,* 110 Mich App 92, 96; 312 NW2d 175 (1981). The corpus delicti need not be proven beyond a reasonable doubt. *Conklin, supra.* Rather, the burden of proof requires the establishment of a prima facie case sufficient to open the door to other proof, *i.e.,* confession. *People v Michael Johnson,* 105 Mich App 498; 307 NW2d 357 (1981), *rev'd on other grounds* 414 Mich 899 (1982).

First-degree premeditated murder is common-law second-degree murder plus proof that death resulted from a premeditated, deliberate intent to kill. *People v Boose,* 109 Mich App 455, 473; 311 NW2d 390 (1981). Defendant argues that it is this state-of-mind element of premeditation that was not shown by the prosecutor at his preliminary examination absent his confession. However, this element may be inferred from all the facts and

circumstances established on the record. *Boose, supra; Conklin, supra.*

The following non-exclusive factors can establish the requisite mental element:

"1. A prior relationship tending to show motive;

"2. A murder weapon acquired and positioned in preparation for homicide;

"3. Evidence in the record supporting the inference that the killer transported the victim to a secluded location for illicit or criminal purpose;

"4. Circumstances surrounding the killing suggesting premeditation and deliberation; and

"5. Organized conduct subsequent to the killing suggesting the existence of a plan." *Conklin, supra,* p 93.

We agree with defendant that the trial court erred in holding that the element of premeditation was prima facie shown by evidence of manual strangulation alone. The brutal nature of a killing does not in and of itself justify an inference of premeditation and deliberation. *People v Hoffmeister,* 394 Mich 155, 159; 229 NW2d 305 (1975). Nevertheless, we find that the magistrate did not abuse his discretion by binding over defendant on Count I. The evidence of manual strangulation *and* defendant's subsequent actions after the victim's death do support a prima facie case of first-degree premeditated murder sufficient to introduce defendant's confession.

As to Count II, first-degree felony murder, the relevant portion of the first-degree murder statute provides:

"Murder * * * which is committed in the perpetration, or attempt to perpetrate arson, *criminal sexual conduct in the first or third degree,* robbery, breaking and entering of a dwelling, larceny of any kind, extor-

tion, or kidnapping, is murder of the first degree, and shall be punished by imprisonment for life." MCL 750.316; MSA 28.548. (Emphasis added.)

Defendant argues that the prosecution failed to show the element of first-degree criminal sexual conduct *aliunde* his confession necessary to raise the victim's murder to the level of a first-degree felony murder. First-degree criminal sexual conduct is shown when there is evidence that the defendant sexually penetrated a victim over the age of 13 by means of force or coercion. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

We disagree with defendant's argument. The evidence that seminal fluid and sperm were present in the victim's oral, genital, and rectal cavities and that the victim was nude from the waist down when discovered dead prima facie shows recent sexual penetration. Furthermore, the evidence of manual strangulation was prima facie sufficient to support the force or coercion element. Therefore, the evidence presented at the preliminary examination *aliunde* defendant's confession was sufficient to establish a case of felony murder, or first-degree criminal sexual conduct during the perpetration of a murder. Thus, the magistrate did not abuse his discretion by binding over defendant on Count II.

Affirmed and remanded for trial.