## PEOPLE v HAMMOND

Docket No. 94251. Submitted June 16, 1987, at Lansing. Decided July 21, 1987.

Robert L. Hammond was charged in Ingham Circuit Court with five counts of uttering and publishing. The court, Thomas L. Brown, J., quashed the information, finding that the magistrate had abused his discretion by binding defendant over because all of the elements of the crime were not supported by the evidence. The people appealed by leave granted.

The Court of Appeals *held:*

1. One of the elements of uttering and publishing, presentment for payment, was not demonstrated at the preliminary examination, and the prosecuting attorney concedes that it would be impossible to prove that the invoices involved herein were presented for payment. The magistrate abused his discretion in binding defendant over on the uttering and publishing charges.

2. This decision in no way impedes the prosecutor from again exercising his authority and charging a lesser offense.

Affirmed.

1. Criminal Law — Preliminary Examinations — Magistrate's Determination of Guilt.

A magistrate at a preliminary examination need not determine a defendant's guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which such elements may be inferred.

2. Forgery — Uttering and Publishing.

The elements of the crime of uttering and publishing a forged instrument are: 1) knowledge that the instrument was false; 2) intent to defraud; and 3) presentation of the forged instrument for payment.

References
Am Jur 2d, Criminal Law §§ 351, 411 *et seq.*
Am Jur 2d, Forgery §§ 20, 44-48.
See the annotations in the Index to Annotations under Criminal Law.
See the annotations in the Index to Annotations under Forgery.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John D. Walter,* Assistant Attorney General, for the people.

*Cummins & Woods* (by *Thomas E. Woods* and *Jeffrey J. Short*), for defendant.

Before: Danhof, C.J., and Doctoroff and T. M. Green,* JJ.

Per Curiam. The prosecutor appeals by leave granted after the circuit court granted defendant's motion to quash the information,[1] following which it denied the prosecutor's motion for reconsideration. We affirm the decision of the circuit court.

The information that the circuit court quashed had charged defendant with five counts of uttering and publishing, MCL 750.249; MSA 28.446.[2] The circuit judge determined that the magistrate had abused his discretion by binding the defendant over because all of the elements of the crime were not supported by the evidence.

The purpose of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v Duncan,* 388 Mich 489, 499; 201 NW2d 629 (1972). The magistrate is not required to find guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant thereafter filed a motion to affirm.

[2] Defendant was originally charged with six counts of forgery, MCL 750.248; MSA 28.445; six counts of uttering and publishing, MCL 750.249; MSA 28.446; and one count of obstructing a police officer in the performance of his duty, MCL 750.479; MSA 28.747.

At the preliminary examination, the prosecutor dismissed one count each of forgery and uttering and publishing, after which the magistrate dismissed all charges other than five counts of uttering and publishing.

evidence from which those elements may be inferred. *People v Sesi,* 101 Mich App 256, 262; 300 NW2d 535 (1980), lv den 411 Mich 1077 (1981).

The trial court reviewing the magistrate's decision to bind over may not disturb the decision unless the defendant can demonstrate a clear abuse of discretion. *People v Shipp,* 141 Mich App 610, 612; 367 NW2d 430 (1985), lv den 422 Mich 934 (1985). This Court also reviews the decision of the examining magistrate to bind over for an abuse of discretion. *People v Dyer,* 157 Mich App 606, 608; 403 NW2d 84 (1986). In determining whether the magistrate abused his discretion, the reviewing judge considers the entire record made at the preliminary examination by reviewing the evidence that was presented to the magistrate at the examination. *People v Taurianen,* 102 Mich App 17, 26; 300 NW2d 720 (1980).

The prosecutor now argues that the circuit court erred by quashing the information and determining that the magistrate had abused his discretion. The basis for his argument is that the circuit court erroneously determined the elements of uttering and publishing.

MCL 750.249; MSA 28.446 provides:

> Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, [MCL 750.248; MSA 28.445] knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony . . . .

MCL 750.248; MSA 28.445 provides in relevant part:

> Any person who shall falsely make, alter, forge or counterfeit any public record, or any certificate,

return or attestation of any clerk of a court, public register, notary public, justice of the peace, township clerk, or any other public officer, in relation to any matter wherein such certificate, return or attestation may be received as legal proof, or any ·charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance of discharge for money or other property, or any waiver, release, claim or demand, or any acceptance of a bill of exchange, or indorsement, or assignment of a bill of exchange or promissory note for · the payment of money, or any accountable receipt for money, goods or other property, with intent to injure ·or defraud any person, shall be guilty of a felony . . . .

The law of this jurisdiction provides that the crime of uttering and publishing is established by proof that (1) the accused knew that the instrument was false, (2) the accused had an intent to defraud, and (3) the forged instrument was presented for payment. *People v Buchanan,* 107 Mich App 648, 652; 309 NW2d 691 (1981).

Although defendant raises the question whether the writings—in this case, the subject invoices— are even included within MCL 750.249; MSA 28.446 and MCL 750.248; MSA 28.445, these statutes have been given a liberal construction. The question most often arising on the character of the instrument relates· not so much to the matter of the generic classification as to the more specific inquiry whether the instrument imports or embodies some one or more of the other elements of the crime, especially falsity and, on the assumption of genuineness, efficacy to affect the rights of others. *People v Hester,* 24 Mich App 475, 478-479; 180 NW2d 360 (1970), citing 36 Am Jur 2d, Forgery, § 27, pp 696, 697.

Even were we to determine that an invoice can properly be the subject of the crime of uttering and publishing, we would nonetheless be compelled to affirm the order of the circuit court quashing the information, for one of the elements of the offense—presentment for payment—was not demonstrated at the preliminary examination. The prosecutor has conceded that proving that the invoices were presented for payment would be impossible to do. The evidence showed that the subject invoices had previously been paid.

Because evidence on each element of uttering and publishing was not presented to the magistrate, *Sesi, supra,* we find that he abused his discretion in binding defendant over on five counts of that offense. Accordingly, we affirm the circuit court's order granting defendant's motion to quash.

Our disposition of this action renders it unnecessary to address other issues raised by the prosecutor. We also note that our determination in no way impedes the prosecutor from again exercising his authority and charging a lesser offense. See *People v Miklovich,* 375 Mich 536, 539; 134 NW2d 720 (1965).

Affirmed.