PEOPLE v UHL

Docket No. 96411. Submitted January 27, 1988, at Lansing. Decided
June 7, 1988.

David L. Uhl was convicted by a jury of breaking and entering an
occupied dwelling with intent to commit larceny and he subse-
quently pled guilty of being an habitual offender, sixth offense,
Ingham Circuit Court, Carolyn Stell, J. Defendant appealed.

The Court of Appeals *held:*

1. Evidence at preliminary examination that defendant rang
the complainant's doorbell repeatedly, pounded on the front
door glass, rang the back doorbell, walked into the enclosed
back porch and pushed or pried the back door, and that
defendant was later found rummaging through a trash dump-
ster in a shopping center approximately a fourth of a mile from
the complainant's house, did not support an inference that
defendant had intended to commit a larceny at the complain-
ant's house. The examining magistrate therefore abused his
discretion in binding defendant over for trial on a charge of
breaking and entering with intent to commit larceny.

2. The admission at preliminary examination of evidence of
defendant's statement to the police that he would have taken
some food from the house had he gotten inside was error in the
absence of a prima facie showing of the corpus delicti of
breaking and entering with intent to commit larceny.

Conviction reversed.

P. R. JOSLYN, J., dissented and would hold that the magis-
trate was correct in finding that defendant evidenced the
requisite intent to commit a larceny at the time he was
attempting to gain entry through the back door. Judge JOSLYN
would affirm the conviction.

REFERENCES

Am Jur 2d, Criminal Law §§ 129 *et seq.,* 411 *et seq.*

Am Jur 2d, Evidence §§ 526 *et seq.,* 1140-1142.

Admissibility of pretrial confession in criminal case—Supreme
Court cases. 22 L Ed 2d 872.

What conduct amounts to an overt act or acts done toward commis-
sion of larceny so as to sustain charge of attempt to commit
larceny. 76 ALR3d 842.

1. Criminal Law — Preliminary Examination — Appeal.

It is the duty of the examining magistrate to bind a defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it; on appeal, the magistrate's decision to bind over will not be disturbed in the absence of an abuse of discretion.

2. Criminal Law — Breaking and Entering — Intent.

A conviction for breaking and entering with intent to commit a larceny requires proof that the defendant had the intent to commit a larceny at the time of the breaking and entering; intent to commit larceny cannot be presumed solely from proof of the breaking and entering; however, intent may reasonably be inferred from the nature, time and place of the defendant's acts before and during the breaking and entering.

3. Criminal Law — Confessions — Preliminary Examination.

A prima facie showing of the corpus delicti must be made independent of a defendant's confession before the confession may be admitted into evidence; this rule applies to preliminary examinations.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

*Garth R. Jackson,* for defendant on appeal.

Before: Danhof, C.J., and MacKenzie and P. R. Joslyn,* JJ.

Danhof, C.J. Following a jury trial, defendant was convicted of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant pled guilty to being a sixth-felony offender, MCL 769.12; MSA 28.1084. Defendant raises four issues on appeal. We hold that the magistrate abused his discretion in binding defendant over for trial and we reverse

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on that basis without considering the remaining
issues raised.

At the preliminary examination, Janet Hedin
testified that she was watching television one af-
ternoon when she heard her doorbell ringing re-
peatedly. Hedin looked out the window and saw a
man she identified as defendant standing at her
front door. Defendant began knocking very hard
on the window. Defendant then walked to the back
of the house where he rang the doorbell and then
walked onto the back porch through an unlocked
door. Defendant began pushing on the back door of
the house. Hedin opened the front door and then
slammed it shut. Defendant walked back to the
front of the house and began pounding on the
front door. Defendant walked away from the house
just prior to the arrival of police. Hedin later
found screwdriver pry marks around the jamb of
the back door.

The police found defendant rummaging through
a trash dumpster in a shopping plaza approxi-
mately one-quarter of a mile from Hedin's house.
When the police approached defendant, he
dropped a screwdriver and a glove. A police officer
interviewed defendant after advising him of his
rights. Defendant told the officer that he went to
Hedin's house because he needed to use a rest-
room. Defendant described going to the front door
first and then entering the back porch area. The
officer asked defendant what he would have done
if he had gotten inside the house. Defendant said
that he probably would have gotten something to
eat and then he would have taken pop cans or
something to that effect.

Defense counsel objected to the use of defen-
dant's statement on the basis that the corpus
delicti of the offense had not first been shown. The
magistrate allowed use of the statement and then

bound defendant over for trial. The magistrate found that defendant's actions at Hedin's house and defendant's rummaging through the dumpster constituted probable cause to believe that he had committed a breaking and entering with intent to commit larceny.

The magistrate's decision to bind defendant over for trial is reviewed by this Court for an abuse of discretion. It is the duty of the magistrate to bind defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it. *People v Dyer,* 157 Mich App 606, 608; 403 NW2d 84 (1986); *People v Hammond,* 161 Mich App 719, 720-721; 411 NW2d 837 (1987). The critical element in this case is intent. Intent to commit larceny cannot be presumed solely from proof of the breaking and entering. *People v Noel,* 123 Mich App 478; 332 NW2d 578 (1983), lv den 418 Mich 859 (1983). However, intent may reasonably be inferred from the nature, time and place of defendant's acts before and during the breaking and entering. *People v Hughes,* 27 Mich App 221; 183 NW2d 383 (1970).

In the present case, the magistrate bound defendant over for trial on the basis of defendant's actions at the house and defendant's rummaging through a dumpster soon afterward. However, defendant's actions at the house showed no more than an intent to commit a breaking and entering. Defendant rang the doorbell repeatedly, pounded on the front door glass, rang the back doorbell, walked into the enclosed back porch and pushed or pried the back door. These actions do not support an inference of intent to commit larceny.

In addition, the magistrate considered defendant's rummaging through a dumpster after the

breaking and entering. It must be shown that defendant had intent to commit larceny at the time of the breaking and entering. *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980). We do not believe that rummaging through the dumpster after the breaking and entering indicated that defendant had larcenous intent at the time of the breaking and entering. Therefore, intent to commit larceny was not shown by defendant's actions either at the house or soon after leaving the house.

The only remaining evidence of intent to commit larceny in this case was defendant's statement to the police that he was going to take some food if he got inside the house. It is well-established that defendant's confession may not be used until after the prosecution has made a prima facie showing of the corpus delicti of the crime. *People v Irby,* 129 Mich App 306, 322; 342 NW2d 303 (1983); *People v Wise,* 134 Mich App 82; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985). This rule applies to preliminary examinations. *People v Anglin,* 111 Mich App 268; 314 NW2d 581 (1981). Having failed to show intent to commit larceny, the prosecution did not make a prima facie showing of the corpus delicti of breaking and entering an occupied dwelling with intent to commit larceny. Therefore, defendant's statement to the police could not be considered as evidence of larcenous intent. Since there was no evidence of intent to commit larceny, the magistrate abused his discretion in binding defendant over for trial.

Defendant's conviction is reversed.

MacKENZIE, J., concurred.

P. R. JOSLYN, J. *(dissenting).* I respectfully dissent. I am of the opinion that the magistrate was correct in finding that the defendant evidenced the

requisite intent to commit a larceny at the time he was attempting to gain entry through the back door. I would affirm the defendant's conviction since reasonable minds could only conclude that he intended to steal anything of value if he had gained entry.