# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DIONTAE MARTELL COLEMAN,

        Defendant-Appellee.

UNPUBLISHED
May 15, 2018

No. 338315
Wayne Circuit Court
LC No. 17-001064-01-FH

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

The prosecution appeals as of right from an order of dismissal, which followed the entry of an order granting defendant's motion to quash. Defendant was charged, as a fourth habitual offender, MCL 769.12, with first-degree home invasion, MCL 750.110a(2). For the reasons set forth in this opinion, we reverse and remand this matter to the circuit court for reinstatement of the charges.

## I. BACKGROUND

This appeal arises from events that occurred on November 23, 2016, at the home of the victim, Linda Young, in Detroit, Michigan. The victim lived in the home with her niece, Kadejah, who has a child with defendant. Young and defendant had a history of not getting along as she had twice called the police on defendant asking that he be removed from her home.

At approximately 1:00 p.m., defendant came over to Young's home to speak with her niece. According to Young, defendant and her niece left her home but shortly thereafter, defendant ran back towards her house, and began to beat on the side entrance. The side entrance consists of two doors—a storm door and an interior door; the storm door is made of one solid pane of glass, and is adorned with decorative iron bars. Both doors were locked from the inside. When Young opened the interior door, she stood in between the storm door and the interior door. Although defendant was previously allowed into her house, according to Young's preliminary exam testimony, she did not grant defendant permission to come inside at that moment. Young testified that she asked defendant to stop banging on the door, but defendant continued to beat on the glass and pull the iron bars. While defendant grabbed and beat on the storm door, he called Young a "bitch" and told her that he was going to kill her, and demanded that she open the door. Defendant eventually shattered the storm door, spraying Young with glass, then reached his arm

-1-

between the iron bars, and attempted to unlock the storm door handle from inside. She quickly shut the interior door, locked it, and called the police.

Defendant was charged, as a fourth habitual offender, MCL 769.12, with first-degree home invasion, MCL 750.110a(2). At the preliminary examination, defense counsel objected to the bind over, arguing that defendant never breached the plane of Young's house, and only reached the area between the storm door and the interior door, hence, defendant's actions constituted, at most, attempted first-degree home invasion. The district court found that there was probable cause, and bound defendant over to the Wayne Circuit Court for first-degree home invasion, stating that once "you put the security door on [a] house, . . . anything after that is considered inside [the] house."

On April 19, 2017, defendant filed a motion to quash in circuit court, arguing that Young's testimony demonstrated that defendant never actually entered the house. Defendant argued that Young testified that no part of defendant's body entered her house, hence the prosecution failed to establish probable cause for each and every element of first-degree home invasion. The prosecution did not file a response to defendant's motion to quash. The circuit court granted defendant's motion to quash the bind over and dismissed the charge against him, finding insufficient evidence of "entry and/or intent to commit a felony or an assault." This appeal then ensued.

## II. ANALYSIS

On appeal, the prosecution argues that the district court did not abuse its discretion by finding probable cause to believe that defendant committed first-degree home invasion. This Court reviews a district court's decision to bind over a defendant for an abuse of discretion. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). This Court should not disturb the district court's bindover decision absent an abuse of discretion. *Id.* An abuse of discretion occurs when the outcome "falls outside the range of reasonable and principled outcomes." *Id.* The Court "reviews the circuit court's decision de novo to determine if the district court abused its discretion." *People v Green*, 260 Mich App 710, 714; 680 NW2d 477 (2004).

"Neither the United States Constitution nor the Michigan Constitution require a preliminary examination." *People v Plunkett*, 485 Mich 50, 56; 780 NW2d 280 (2010). However, when a criminal prosecution is initiated for a felony offense, MCL 766.4(1) mandates that a preliminary examination be held. MCL 766.4(6), which governs the procedure at a preliminary examination, states, in relevant part:

> At the preliminary examination, a magistrate shall examine the complainant and the witnesses in support of the prosecution, on oath . . . in the presence of the defendant, concerning the offense charged and in regard to any other matters connected with the charge that the magistrate considers pertinent.

A preliminary examination's purpose is to determine whether there is probable cause "to believe that a crime was committed and that the defendant committed it." *People v Bennett*, 290 Mich App 465, 480; 802 NW2d 627 (2010), quoting *People v Lowery*, 274 Mich App 684, 685; 736 NW2d 586 (2007). The threshold for evidence sufficient to bind over a defendant is far lower

than what is required to convict a defendant of the crime at trial. *People v Greene*, 255 Mich App 426, 443-444; 661 NW2d 616 (2003). Probable cause, which can be established by circumstantial evidence and reasonable inferences arising from the evidence, *id*. at 444, exists if "a person of ordinary caution and prudence could conscientiously entertain a reasonable belief of the defendant's guilt," *People v Anderson*, __ Mich __; __NW2d __ (2018) (Docket No. 155172); slip op at 3, quoting *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). " 'This standard requires evidence of each element of the charged crime or evidence from which elements may be inferred.' " *Seewald*, 499 Mich at 116 (citations omitted).

Here, defendant was charged with first-degree home invasion, MCL 750.110a(2). The elements of first-degree home invasion include:

> (1) the defendant either breaks and enters a dwelling or enters a dwelling without permission; (2) the defendant either intends when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling actually commits a felony, larceny, or assault; and (3) while the defendant is entering, present in, or exiting the dwelling, either (a) the defendant is armed with a dangerous weapon, or (b) another person is lawfully present in the dwelling. [*People v Bush*, 315 Mich App 237, 244; 890 NW2d 370 (2016).]

A "dwelling" is "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL 750.110a(1)(a). A "dwelling" denotes the "whole of a structure or shelter used as a place of residence." *Bush*, 315 Mich App at 246.

In the information, the prosecution charged that defendant "did break and enter, or did enter without permission a dwelling located at . . . , with the intent to commit an assault therein, and while entering, present in, or exiting the dwelling, [the victim], was lawfully present therein." Therefore, the court was required to determine that there was probable cause to believe that first-degree home invasion—a felony—was committed, and that defendant committed first-degree home invasion. MCL 766.13. See also *People v Armisted*, 295 Mich App 32, 44-45; 811 NW2d 47 (2011).

Our review of the record in this matter leads us to conclude that there is sufficient evidence to support a finding of probable cause that defendant effectuated an entry of Young's home when he put his arm through the storm door. Defendant broke the plane of the victim's dwelling when he put his arm through the iron bars of her storm door. *Bush*, 315 Mich App at 246. See also, *People v Gillman*, 66 Mich App 419, 429-430; 239 NW2d 396 (1976), (holding that any part of defendant's body that was introduced into a victim's house was sufficient to constitute entry). Accordingly, while defendant's entire body did not enter her home, his arm did. Once defendant's arm went past the storm door, he broke the plane of Young's dwelling. See *id*. Additionally, a storm door is attached to a home in the same way as a window, and must be considered part of the entire dwelling. See *Bush*, 315 Mich App at 246. By breaking the plane of the door frame, defendant effectuated an entry. Therefore, the circuit court erred in holding that there was insufficient evidence presented at the preliminary examination to establish

probable cause to find that defendant entered the victim's home when he pushed his arm through the iron bars to unlock the storm door.

The prosecution also argues that there is sufficient evidence to support a finding of probable cause that defendant intended to assault the victim.[1]  Because it is difficult to prove a defendant's state of mind, minimal circumstantial evidence is sufficient to establish intent, which can be inferred from the evidence.  *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).  Intent may reasonably be inferred from all the facts in evidence, including "the nature, time and place of defendant's acts before and during the breaking and entering."  *People v Uhl*, 169 Mich App 217, 220; 425 NW2d 519 (1988).

As previously indicated, Young testified that defendant told her multiple times that he was going to kill her, that "it was [her] fault," and to "open up [the] damn door."  Young had called the police on defendant twice before.  Defendant does not live at the house, nor did he have any reason to be at the house.  Therefore, there is sufficient evidence "to conscientiously entertain a reasonable belief" that defendant intended to assault Young.  See *Yost*, 468 Mich at 126 (quotation marks and citation omitted).  Accordingly, the district court did not abuse its discretion by binding over defendant to the circuit court because the prosecution presented sufficient evidence to establish probable cause that defendant committed first-degree home invasion.

Reversed and remanded to the circuit court for reinstatement of the charges.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen

---

[1] Defendant does not address the intent element on appeal, and focuses solely on the entry element.