### PEOPLE v. WOLFF

1. INFANTS—CRIMINAL LAW—JUVENILE COURT—DUE PROCESS.

    Failure to take a minor defendant before the juvenile court immediately, as required by statute, is a violation of the defendant's right to due process and vitiates his subsequent confession (CL 1948, § 764.27).

2. INFANTS—CRIMINAL LAW—JUVENILE COURT—CONFESSION—VOLUNTARINESS.

    A finding of voluntariness of a minor defendant's confession did not cure the defect of defendant not having been taken before the juvenile court immediately, as required by statute (CL 1948, § 764.27).

Appeal from Recorder's Court of Detroit, John A. Ricca and Joseph E. Maher, JJ. Submitted Division 1 March 2, 1970, at Detroit. (Docket No. 5,521.) Decided April 30, 1970.

Howard Wolff was convicted, on his plea of guilty, of first-degree murder. Defendant's motion for a new trial denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Juvenile Courts § 35.
[2] 47 Am Jur 2d, Juvenile Courts § 50.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. On leave granted, defendant appeals his 1953 conviction and sentence for first-degree murder. The issue which controls the decision on this appeal is properly stated by the people as:

"Did the trial court commit reversible error in allowing statements of the appellant to be admitted in evidence?"

Our answer is yes, as to the confession of August 14, 1952.

August 12, 1952, Chester Czernal was shot and killed at his home. August 14, 1952, at about 1:30 p.m., defendant, then 16 years of age, was arrested and taken to police headquarters. After about four hours' questioning, defendant gave a formal confession to the chief assistant prosecuting attorney in the presence of a stenographer and two detectives. Defendant was alone.

Apparently defendant was then turned over to the juvenile authorities. August 17, 1952, at the juvenile detention home, defendant made another inculpatory statement to two officers in the presence of a codefendant. August 18, 1952, a warrant for defendant's arrest was obtained and August 22, 1952, defendant was taken into juvenile court, which waived jurisdiction.

August 25, 1952, defendant was arraigned in Recorder's Court, and his ten-day trial began in February, 1953. At trial, and over objection, defendant's confession of August 14, 1952, and his inculpatory statement of August 17, 1952, were admitted in evidence. At a *Walker* hearing* held March 7, 1968, the trial court found that both con-

---

* *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

fessions were voluntary and admissible. We do not disturb that finding.

We reverse on the authority of *People* v. *Roberts* (1966), 3 Mich App 605. The failure to take this minor defendant before the juvenile court *immediately,* as required by CL 1948, § 764.27 (Stat Ann 1954 Rev § 28.886), was a violation of defendant's right to due process and vitiated the August 14 confession. The subsequent finding of voluntariness did not cure this defect.

Reversed and remanded for new trial.