248 So.2d 690 (1971)
In the Interest of A.J.A., a Child.
No. 70-1151.
District Court of Appeal of Florida, Third District.
June 8, 1971.
*691 Rene B. Murai, Perrine, and Harold C. Culmer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Bruce L. Scheiner, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
PEARSON, Chief Judge.
The appellant is a sixteen year old male who has been adjudicated delinquent by the Juvenile and Domestic Relations Court in and for Dade County, Florida. He was taken into custody on July 17, 1970, upon a charge of robbery. The facts which subsequently occurred appear uncontroverted and are established by a stipulated statement in the record. Appellant was arrested by officers of the Dade County Public Safety Department sometime between 9:00 and 10:00 a.m. on July 17, 1970. The appellant, along with his mother, was taken directly to the public safety department building where they arrived between 10:30 and 11:00 a.m. After waiting for some time at the public safety department building, the mother was informed by an officer that her son was under arrest for robbery. She was instructed to go home and she did. The appellant remained in custody until 1:15 p.m. when an interrogation of the appellant was begun by two officers of the Public Safety Department. The interrogation lasted for approximately two hours. It culminated in the signing by the appellant of a confession to the robbery. In addition, the appellant initialed a form purporting to waive his right to counsel. After the signing of the confession, the appellant was transferred to the Juvenile and Domestic Relations Court building. He arrived there at approximately 4:00 p.m.
A petition of delinquency was filed in the Juvenile and Domestic Relations Court on July 20, 1970, and the child was committed to Youth Hall to await his hearing. Counsel for the appellant filed a motion to suppress the confession given by the child to officers of the Public Safety Department upon the ground that the confession had been obtained in violation of F.S. § 39.03 (3), F.S.A. which provides in pertinent part:
"The person taking and retaining a child in custody shall notify the parents or legal custodians of the child and the principal of the school in which said child is enrolled at the earliest practicable time, and shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody * * *." (Emphasis supplied.)
The motion was denied and the child was adjudicated delinquent on August 28, 1970. The uncontroverted facts contained in the stipulation establish further that the only testimony tending to prove appellant's presence and participation in the robbery was the confession obtained by the Public Safety officers. At the adjudication hearing, the appellant maintained his innocence and denied the validity of the alleged confession claiming that he was coerced into signing the confession and the waiver of right to counsel.
*692 The sole point urged on appeal is that because appellant's confession was obtained in violation of F.S. § 39.03(3), F.S.A., the confession should not have been admitted at the adjudicatory hearing. We agree and reverse.
We find that this point has not been presented to an appellate court in the State of Florida prior to this time. It has, however, been presented in several other jurisdictions. See State v. Shaw, 93 Ariz. 40, 378 P.2d 487 (1963); Daniels v. State, 226 Ga. 269, 174 S.E.2d 422 (1970); People v. Wolff, 23 Mich. App. 550, 179 N.W.2d 206 (1970); State v. Arbeiter, 408 S.W.2d 26 (Mo.Sup.Ct., 1966); In re D., 30 A.D.2d 183, 290 N.Y.S.2d 935 (N.Y. App. Div., 1968); United States v. Binet, 442 F.2d 296 (U.S.Ct.App., 2nd Cir., 1971) and United States v. Glover, 372 F.2d 43 (2nd Cir., 1967).
We think that the holding in People v. Wolff, 23 Mich. App. 550, 179 N.W.2d 206 (1970) is indicative of the basis upon which this judgment should be reversed for a new trial. The legislative enactment embodied in the cited section clearly expresses a policy of the State of Florida. It is a legislative directive to the courts and other law enforcement agencies that juveniles shall be treated differently from other suspected criminals in that they shall not be taken to a police station or jail for interrogation. The purpose of this directive is that a juvenile, presumptively inexperienced in the ways of crime, should not be subjected to the intimidating influences of an adult police station or jail. Even if this directive is based upon an inaccurate premise in some instances, it is nevertheless within the province of the legislature. In this connection we note that this record is devoid of any suggestion that the appellant appeared to be eighteen years of age or that the police lacked knowledge of his true age.
We therefore hold that the trial judge committed reversible error when he admitted into evidence appellant's purported confession which was obtained in direct violation of F.S. § 39.03(3), F.S.A. The judgment appealed is reversed and the cause is remanded for a new trial in accordance with the views herein expressed.
Reversed and remanded.