PEOPLE v JORDAN

Docket No. 83286. Submitted October 9, 1985, at Detroit.—Decided March 3, 1986.

Defendant, Timothy Jordan, who was 16 years old at the time of his arrest on May 29, 1984, is charged in the Detroit Recorder's Court with first-degree murder and possession of a firearm in the commission of a felony. Defendant moved to suppress evidence of his oral and written confessions. An evidentiary hearing was held to determine the voluntariness of the confessions and, thereafter, the trial court, Henry L. Heading, J., granted the motion and suppressed the two confessions. The people appeal by leave granted. *Held:*

1. The police were obligated in the instant case to immediately contact the youth home about defendant's placement. There was a clear violation of defendant's statutory rights in this regard.

2. The exclusionary rule, which provides that not every admission or confession obtained during a period of unreasonable prearraignment delay must be excluded from evidence but that where the delay has been employed as a tool to extract the statement the exclusionary rule will be imposed even if the statement was given voluntarily, is also applicable to statutory violations of MCL 764.27 which requires that juveniles must be immediately brought before the juvenile court upon being taken into custody.

3. Defendant's oral confession made in the police car was properly suppressed. Defendant's written confession was properly suppressed. The evidence supports a view that defendant's written confession was obtained by exploiting his illegal detention.

Affirmed.

HOOD, J., concurred in the result only.

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 18, 21, 32, 33, 49-54.

Authority of court to order juvenile delinquent incarcerated in adult penal institution. 95 ALR3d 568.

1. INFANTS — CRIMINAL LAW — JUVENILE COURT.

Whenever any child under the age of 17 years is arrested with or without a warrant, such child shall be taken immediately before the juvenile division of the probate court of the county wherein the offense is alleged to have been committed and the officer making the arrest shall immediately make and file, or cause to be made and filed, a petition against such child (MCL 764.27; MSA 28.886).

2. INFANTS — CRIMINAL LAW — JUVENILE COURT — JUVENILE COURT RULES.

A judge or designated court officer must be immediately contacted concerning a child's release or placement when an arresting officer takes the child into custody during the hours that the juvenile court is not open; if the court officer decides on placement, the arresting officer must complete a complaint statement setting forth reasons for detention (JCR 1969, 3.3[B]).

3. INFANTS — CRIMINAL LAW — CONFINEMENT OF INFANTS.

It is a general rule that a child under the age of 17 years shall not be confined in any police station, prison, jail, lock-up, or reformatory (MCL 712A.16; MSA 27.3178[598.16]).

4. EVIDENCE — EXCLUSIONARY RULE — INFANTS — CONFINEMENT OF INFANTS.

The exclusionary rule, which provides that not every admission or confession obtained during a period of unreasonable prearraignment delay must be excluded but that where the delay has been employed as a tool to extract the statement the exclusionary rule will be imposed even if the statement was given voluntarily, is also applicable to violations of the statute which requires that juveniles must be immediately brought before the juvenile court upon being taken into custody (MCL 764.27; MSA 28.886).

5. CRIMINAL LAW — EVIDENCE — CONFESSIONS — BURDEN OF PROOF.

The burden is on the prosecution to prove that a defendant's confession was voluntary and admissible where the defendant comes forward with evidence that his confession was not voluntary and was obtained as a result of a statutorily unlawful detention.

6. APPEAL — CRIMINAL LAW — EVIDENCE — CONFESSIONS.

The Court of Appeals conducts an independent review of the record in an appeal from a trial court's determination to suppress evidence of a defendant's confession but will not reverse unless it comes to a definite and firm conviction that

the trial court's findings were erroneous and its suppression of the confession unreasonable.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

WAHLS, J. Defendant, 16 years old at the time of his arrest on May 29, 1984, is charged in the Detroit Recorder's Court with first-degree murder and felony-firearm. Defendant moved to suppress evidence of his oral and written confessions and an evidentiary hearing was held to determine the voluntariness of the confessions. Judge Henry Heading granted the motion and suppressed the two confessions. The prosecutor appeals by leave granted.

Phillip Robinson was killed on May 2, 1984. Defendant was a suspect and the police sought to detain him. On May 29, 1984, defendant's sister Tracy called police to inform them that defendant wished to "turn himself in". About 8 p.m., defendant gave himself up to Sergeant Hyman in the presence of his mother and his sisters Tracy and Beverly. Hyman read defendant his *Miranda* rights[1] and took him to police headquarters. In the car, defendant told Hyman that he got scared and shot Robinson and that a third person, Dino, had told him to shoot. Defendant's mother came down to police headquarters separately and, about 9

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

p.m., defendant made a written statement to Sergeant Day in the presence of his mother and possibly a youth officer. The statement was written down in question and answer form and took about 20 minutes to complete.

At the evidentiary hearing, the prosecutor presented evidence that: defendant was never threatened by the police on the night of May 29, 1984; defendant was not handcuffed while in the car and volunteered his oral statement; defendant and his mother did not appear to be under the influence and responded appropriately to questions; and defendant gave the written statement in the presence of both his mother and a youth officer.

Defendant presented evidence that: he was afraid of the police; the police had refused to permit his mother or his sister Beverly to ride down to police headquarters with him; he gave a statement in the police car only after the officer driving the car threatened him;[2] he was interrogated by Sergeant Day for some time before he was permitted to call his mother and have her come to headquarters; during that time, he was further threatened;[3] the youth officer was not present during the actual giving of the written statement; and he and his mother were never told of his right to go to the youth home.

At the evidentiary hearing, defense counsel argued that the per se rule of *People v Wolff,* 23 Mich App 550; 179 NW2d 206 (1970), applied and defendant's confessions must be suppressed simply

---

[2] Defendant testified that he was told that he needed his "ass beat for going around shooting up people". Defendant testified that he was also told that it would go a whole lot easier on him if he told them he did it.

[3] Defendant testified that Sergeant Day told him that, if he did not make a statement, he would be put on the ninth floor and would get raped and would wake up in the morning with a high-pitched voice. Further, defendant testified that Day told him that, no matter what happened, he would still have to stay at police headquarters.

because the police did not immediately take defendant before the juvenile court. Counsel argued in the alternative that, even under a totality-of-the-circumstances analysis, defendant's confessions were not voluntary because of the threats, the aura of intimidation and the one-hour interrogation without his mother present. The prosecutor responded that the totality of the circumstances must be considered pursuant to *People v Irby*, 129 Mich App 306; 342 NW2d 303 (1983), *lv den* 418 Mich 951 (1984), and that sufficient indicia of voluntariness existed in this case. In rendering his decision from the bench, Judge Heading stated in part:

"As I interpret the law, when the police department, police officers arrest a juvenile, they take him to juvenile court, not to some precinct station and lock the door and begin questioning him. This is a statute, it's a law in the State of Michigan. It's been tested and it has withstood the challenge.

"So, in my opinion, it's a law, otherwise some court would have overturned it, declared it unconstitutional or the Legislature would have repealed it. But they haven't done that.

"Now, personally, I don't like it, the law, I think something should be done about it. But as long as it's the law, I have got to follow it and I am going to follow it. They bypassed the juvenile home with this young man and they shouldn't have done it and they come up with all kinds of excuses. The juvenile home won't take them after a certain hour of the night, it's a rule of the police department to do it this way. Well, maybe it is, but somebody has got to stop them and I am going to try once again by granting your motion to suppress both confessions.

"He will not be released. If the prosecutor wants to appeal, and I think they should, they should do that. But it's plain to see that somebody has to stop the police from the procedure they have and that is bypassing that youth home with a juvenile, not permitting his

parents or friends to go with him if they ask and I believe they did that in this case."

On appeal, the prosecutor asserts that, notwithstanding that the judge found that no one was permitted to accompany defendant, the judge in essence found the confessions per se involuntary. Defense counsel characterizes the rulings as, in essence, finding the written confession per se involuntary and the oral confession involuntary under the totality of the circumstances. We sympathize with counsels' efforts to distill the "essence" of Judge Heading's ruling but, on our review of the entire suppression hearing, we are not convinced that the judge decided only the voluntariness of defendant's confessions. At the same time, we do not believe that Judge Heading suppressed the statements merely because defendant was not taken immediately to juvenile court or to the youth home.

We first address the exclusion of evidence obtained because of a statutorily unlawful detention. We begin with an examination of the defendant's rights that were violated in this case. MCL 764.27; MSA 28.886 provides in part:

"Whenever any child under the age of 17 years is arrested with or without a warrant, such child shall be taken *immediately* before the juvenile division of the probate court of the county wherein the offense is alleged to have been committed and the officer making the arrest shall immediately make and file or cause to be made and filed, a petition against such child * * *." (Emphasis added.)

JCR 1969, 3.3(B) provides that, when an officer takes a child into custody during the hours that the court is not open, a judge or designated court officer must be immediately contacted concerning

the child's release or placement. If the court officer decides on placement, the arresting officer must complete a complaint statement setting forth reasons for detention. MCL 712A.16; MSA 27.3178(598.16) provides a general rule that a child under the age of 17 years "shall not be confined in any police station, prison, jail, lock-up, or reformatory" and further authorizes the establishment of a juvenile detention home as an agency of the probate court. In the instant case, the police were obligated to immediately contact the youth home about defendant's placement. On questioning by Judge Heading, the police testified that for a number of reasons it was police practice to take juveniles to police headquarters, prepare the necessary complaint statement and then proceed to the youth home. It clearly was Judge Heading's concern at the evidentiary hearing that the police were using the time at headquarters to interrogate and extract confessions and were not acting "immediately" to contact the court or a court officer. Sergeant Day testified that he personally believed in the instant case that there was enough evidence that a warrant for defendant's arrest could have been obtained. He testified that, even if defendant had denied the offense, he would not have released defendant. The youth officer acknowledged that defendant could have been placed in the youth home even without the confessions. Yet, the police detained defendant at headquarters for from about 45 minutes to an hour, took a written statement from him after his mother arrived, and only then processed the papers to have him placed at the youth home. There was a clear violation of defendant's statutory rights. Contrast *People v Morris,* 57 Mich App 573, 576; 226 NW2d 565 (1975), *lv den* 394 Mich 751 (1975).

We begin our review of the case law with the so-

called per se rule of *Wolff, supra.* Howard Wolff was 16 years of age when he was arrested and taken to police headquarters. After about four hours of questioning, Wolff gave a formal confession to the chief assistant prosecuting attorney in the presence of a stenographer and two detectives. Wolff was alone. The trial court found that the confession was voluntary and admissible. This Court declined to disturb that finding, but held:

"We reverse on the authority of *People v Roberts,* 3 Mich App 605; 143 NW2d 182 (1966). The failure to take this minor defendant before the juvenile court *immediately,* as required by CL 1948, § 764.27 (Stat Ann 1954 Rev § 28.886), was a violation of defendant's right to due process and vitiated the August 14 confession. The subsequent finding of voluntariness did not cure this defect." 23 Mich App 552. (Emphasis in original.)

Defendant in the instant case has, in effect, argued that the *Wolff* holding means that the failure to take *any* minor defendant before the juvenile court immediately, as required by statute, necessarily violates that defendant's right to due process. We disapprove of such an interpretation of *Wolff* and construe the holding of that case as being limited to its particular facts, *i.e.,* we strictly construe the language "this minor defendant".[4] Furthermore, the cited authority of *Roberts* clearly approved of the "totality of circumstances test". 3 Mich App 611.

---

[4] In *Irby, supra,* p 317, this Court declined to follow *Wolff* to the extent that *Wolff* "suggests" a per se rule. Defendant asserts that this Court acknowledged a *Wolff* per se rule in *People v Allen,* 109 Mich App 147, 156-157; 311 NW2d 734 (1981), *lv den* 412 Mich 913 (1982). We are not convinced; that case involved the denial of other rights in addition to the statutory right to be taken immediately to juvenile court, Allen's statements were not otherwise voluntary, and the Court expressly reached its holding "in light of the particular facts of this case". 109 Mich App 158.

What adds a unique flavor to this case is that Judge Heading, prior to taking the bench, was counsel for Louis Roberts in a prior appeal, reported at 364 Mich 60; 110 NW2d 718 (1961). Judge Heading addressed the same issue in the Supreme Court as was later considered by this Court, but the earlier case was an appeal before trial. The Supreme Court divided evenly and, thus, neither opinion written on that appeal is binding precedent. Four justices voted to affirm on procedural grounds: because defendant had only made a "token" objection in the trial court to the admission of his confessions and had not prepared an evidentiary record, the four justices applied a presumption of voluntariness. The four justices voting to quash the information found *McNabb v United States,* 318 US 332; 63 S Ct 608; 87 L Ed 819 (1943), applicable and concluded that an information or conviction resting upon evidence secured in flagrant disregard of the procedures which the Legislature has commanded could not be allowed to stand.

It is unfortunate that the opinion for quashal in *Roberts* has subsequently been ignored by this Court, because there is no reason not to adopt the exclusionary principle of *McNabb.* Less than one and one-half years before *Roberts,* the Supreme Court had adopted the *McNabb* principles with respect to the closely analogous matter of unreasonable prearraignment delays. *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960). Since *Hamilton,* a significant body of case law has developed regarding violations of the prompt arraignment statutes,[5] marked most notably by *People v White,* 392 Mich 404, 424-425; 221 NW2d 357 (1974), *cert den* 420 US 912; 95 S Ct 835; 42 L Ed 2d 843 (1975), and more recently *People v Bladel*

---

[5] MCL 764.13; MSA 28.871(1) and MCL 764.26; MSA 28.885.

*(After Remand)*, 421 Mich 39, 69-74; 365 NW2d 56 (1984), *cert gtd* — US —; 105 S Ct 2654; 86 L Ed 2d 271 (1985), and *People v Mallory*, 421 Mich 229, 238-243; 365 NW2d 673 (1984). Under *White, supra*, p 424, not every admission or confession obtained during a period of unreasonable prearraignment delay must be excluded. However, where the delay has been employed as a tool to extract the statement, the exclusionary rule will be imposed even if the statement was given voluntarily. We now hold that the *White* exclusionary rule is also applicable to statutory violations of MCL 764.27; MSA 28.886, which requires that juveniles must be immediately brought before the juvenile court upon being taken into custody.

We now turn to application of the law to the facts of this case. Defendant came forward with evidence that his confessions were not voluntary and that at least the written statement was obtained as a result of a statutorily unlawful detention. The burden was on the prosecution to prove that the confessions were voluntary and admissible. We conduct an independent review of the record but will not reverse unless we come to a definite and firm conviction that the court's findings were erroneous and its suppression of the confessions unreasonable. *White, supra*, pp 424-425; *People v Ewing (On Remand)*, 102 Mich App 81, 85; 300 NW2d 742 (1980), *lv den* 417 Mich 974 (1983).

We conclude that defendant's oral confession made in the police car was properly suppressed. Viewing the totality of the circumstances, there was evidence that defendant did not give himself up because he wanted to confess, but, rather, because he was aware that he was a suspect and was afraid of what might happen to him if the police found him under other conditions. Defen-

dant was with his mother and two sisters at the time that the police arrived but, as Judge Heading found, the police denied permission for anyone from this support group to accompany the youth to headquarters. There was, finally, evidence that defendant was threatened in the car and thus induced to talk. Based on the whole record, we are not persuaded that the judge was required to find that the confession was voluntary.

We also uphold the suppression of defendant's written confession. Because we are convinced that Judge Heading was concerned not so much with the mere fact of the illegal detention but with the failure of the police to explain why they kept defendant at headquarters for as long as they did, we assume that he ruled in accordance with this Court's opinion in *Roberts,* which he had brought to the parties' attention on several occasions throughout the evidentiary hearing. In light of our earlier discussion, we base our review on the applicability of the *White* exclusionary rule. We find that the evidence of record supports a view that defendant's confession was obtained by exploiting his illegal detention. Based on the record before us, the trial judge was not required to find that defendant's confession was not a direct result of the unlawful detention.

Affirmed.

R. M. MAHER, P.J., concurred.

HOOD, J., concurs in the result only.