PEOPLE v WILLIAMS

Docket No. 97391, 97754. Submitted July 9, 1987, at Lansing. Decided October 19, 1987.

Bennie R. Williams was arrested and charged with felony murder arising out of an armed robbery involving two other perpetrators. At the time of his arrest on June 25, 1985, Williams was fifteen years and eleven months old. The Genesee County Probate Court waived jurisdiction over Williams. Following a preliminary examination, Williams was bound over for trial on the charge in Genesee Circuit Court, where he filed a motion seeking to suppress evidence of a confession he made while being interrogated by the police. The May 8, 1986, trial date was reset by the trial court and Judge Kenneth M. Siegel was assigned to conduct a *Walker* hearing. Judge Siegel granted defendant's motion, ruling that the statements were not voluntarily made and that the police had exploited a delay in bringing defendant before the probate court to extract a confession. The trial date was reset at the request of the prosecutor, who indicated an appeal from the suppression order would be taken. The trial date was again reset when the judge who was to preside at trial was unavailable. On December 3, 1986, defendant filed a motion seeking dismissal of the charge, claiming he had been denied his right to a speedy trial. The circuit court, Donald R. Freeman, J., denied the motion and set a trial date of February 25, 1987. In Docket No. 97391 the prosecution appealed from the circuit court's order suppressing evidence of defendant's confession and in Docket No. 97754 defendant

REFERENCES

Am Jur 2d, Criminal Law §§ 652 *et seq.*; 849 *et seq.*

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 34 *et seq.*

Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 71 L Ed 2d 983.

Admissibility of confession or other statement made by defendant as affected by delay in arraignment—modern state cases. 28 ALR4th 1121.

Validity and efficiency of minor's waiver of right to counsel—modern cases. 25 ALR4th 1072.

appealed from the circuit court's denial of his "speedy trial" motion. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. Both MCL 764.27; MSA 28.886 and MCR 5.903 require that a child under the age of seventeen years who is arrested or taken into custody by the police be immediately taken before the juvenile division of the probate court for the county where the offense is alleged to have been committed. The Court of Appeals, in one line of cases, has held that evidence of a confession obtained during an improper delay in bringing a defendant before the probate court is automatically inadmissible and, in another line of cases, has held that suppression of evidence of such confession is warranted only upon a showing of involuntariness under the totality of the surrounding circumstances in each case. In this case, under either line of precedent, suppression of defendant's confession was proper. Defendant was not immediately taken before the juvenile division of the probate court following his arrest and, under the totality of the circumstances in this case, the confession was not voluntarily made.

2. With regard to defendant's claim of denial of his right to a speedy trial, the Court of Appeals concluded that it does not appear that the right was violated, upon considering (1) the length of the delay, (2) the reasons for the delay, (3) defendant's assertion of the right, and (4) prejudice to defendant. Additionally, a significant portion of the delay was attributable to defendant's aggressive pretrial tactics.

Affirmed.

1. EVIDENCE — *WALKER* HEARINGS — APPEAL.

   The Court of Appeals is required, on an appeal from a trial court's ruling in a *Walker* hearing, to examine the entire record and reach an independent determination of the voluntariness of the defendant's statements; the trial court's ruling will be affirmed unless it is clearly erroneous, such that the Court of Appeals has a definite and firm conviction that a mistake has been made; the Court of Appeals will accord special deference to the trial court's findings where the trial court's determination of voluntariness was dependent on the credibility of the witnesses.

2. ARREST — JUVENILE OFFENDERS — ARRAIGNMENT.

   A child under the age of seventeen years, when arrested or taken into custody by the police, must immediately be taken before the juvenile division of the probate court for the county where

the offense is alleged to have been committed (MCL 764.27; MSA 28.886; MCR 5.903[E]).

3. Arrest — Juvenile Offenders — Parental Notification.

The parent, guardian or custodian of a child under the age of seventeen years who is arrested or taken into custody by the police must be notified immediately and reasonable steps must be taken to provide for their presence at the child's hearing before the probate court (MCR 5.902[C] and 5.903[E]).

4. Criminal Law — Juvenile Offenders — Right to Counsel.

A child's parent, guardian, custodian or guardian ad litem must concur in the child's decision to voluntarily waive his right to be represented by an attorney in probate court (MCR 5.906[B]).

5. Criminal Law — Speedy Trial.

The Court of Appeals looks to four factors in evaluating a defendant's claim of denial of a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Lenore M. Ferber,* Assistant Prosecuting Attorney, for the people.

*J. Michael Buckley,* for defendant.

Before: M. J. Kelly, P.J., and Beasley and P. Edwards,* JJ.

Beasley, J. This case involves two consolidated interlocutory appeals. Defendant has been charged with first-degree felony murder, MCL 750.316; MSA 28.548, allegedly committed in the perpetration of an armed robbery.[1] In Docket No. 97391, the prosecutor appeals from an order by acting

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] Two companion cases arising out of this homicide are *People v Malone,* Court of Appeals Docket No. 95284, which remains pending, and *People v Hodo,* unpublished opinion per curiam of the Court of Appeals, decided February 27, 1987 (Docket No. 93255).

Circuit Judge Kenneth M. Siegel suppressing certain statements made by defendant to the police. In Docket No. 97754, defendant appeals from an order made by Circuit Judge Donald R. Freeman denying his motion to dismiss for lack of a speedy trial.

Defendant was arrested on June 25, 1985, in connection with the murder of Walter Pano. At the time of his arrest, he was fifteen years and eleven months old. On motion of the prosecutor and after a waiver hearing, the probate judge entered an order on July 11, 1985, waiving jurisdiction over defendant. Defendant appealed the waiver order to the circuit court where, after oral argument, an order was entered on February 4, 1986, affirming the probate court's waiver of jurisdiction. On February 19, 1986, after preliminary examination, defendant was bound over for trial on the first-degree felony murder charge. After arraignment, trial was tentatively scheduled for May 8, 1986.

On April 2, 1986, defendant moved to suppress certain inculpatory statements he had made to the police on June 25, 1985. A *Walker*[2] hearing was scheduled for May 28, 1986, and, for purposes of the *Walker* hearing only, the case was reassigned to acting Circuit Judge Kenneth M. Siegel who presided over the *Walker* hearing. On May 8, 1986, the trial court adjourned the trial until July 29, 1986, to accommodate the *Walker* hearing. After the *Walker* hearing began on May 28, 1986, the prosecutor's request for an adjournment was granted, but the testimony of one witness, defendant's mother, was taken because she had come from Fort Wayne, Indiana, and defense counsel wanted to preserve her testimony in case she was

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

not able to return to Flint. The hearing was then rescheduled for June 9, 1986.

In a bench opinion on July 28, 1986, Judge Siegel, who had heard the *Walker* hearing, suppressed defendant's statements to police on the ground that they were not voluntarily made. On July 29, 1986, the circuit court granted the prosecutor's motion to adjourn based upon her allegation that she intended to seek leave to appeal the suppression ruling made in the *Walker* hearing. Defense counsel opposed the adjournment motion, stating that defendant was prepared to go to trial. The circuit court granted the adjournment and rescheduled the matter for December 2, 1986.

At a hearing on entry of the proposed suppression order on August 21, 1986, Judge Siegel entered the order and issued a further opinion supplementing his earlier bench opinion. In addition to reaffirming his ruling that defendant's statements were not voluntarily made, Judge Siegel also concluded that the statements had to be suppressed because the police had exploited the delay in bringing defendant before the probate court as a tool to extract the confession. On September 26, 1986, the prosecutor filed a motion for rehearing on the suppression order based in part on the then-available tape recordings of defendant's statements to police.

On December 2, 1986, trial was again delayed because the circuit judge was presiding over another criminal trial. On December 3, 1986, defendant filed a motion to dismiss based upon his claim that he had been denied his right to a speedy trial. That motion was heard on December 15, 1986, and was denied and trial was rescheduled for February 25, 1987. On December 19, 1986, the prosecutor filed a claim of appeal with this Court and, on December 26, 1986, the circuit judge entered an

order denying defendant's motion for dismissal for lack of a speedy trial. On January 6, 1987, defendant filed an application for leave to appeal with this Court from the circuit judge's order denying the motion to dismiss for lack of speedy trial. We granted leave to appeal on February 27, 1987, and, at that time, consolidated the two appeals.

On appeal, the prosecutor claims that the trial court erred in concluding (1) that defendant's statements to police were not voluntarily made and (2) that the police exploited the delay in bringing defendant before the probate court as a tool to extract a confession from him. We disagree. There was no error in the conclusions reached by the judge.

The standard of review for evaluation of a trial court's findings in a *Walker* hearing are set forth in *People v Lumley:*[3]

> On appeal from a *Walker* hearing, we are required to examine the entire record and reach an independent determination of the voluntariness of the defendant's statements. . . . We will affirm the trial court's ruling unless it is clearly erroneous, such that we have a definite and firm conviction that a mistake has been made. . . .
>
> The voluntariness of a confession must be determined from all of the facts and circumstances, including the duration of detention, the manifest attitude of the police toward the suspect, the physical and mental state of the suspect, and the pressures which may sap or sustain the suspect's powers of resistance and self-control. [Citations omitted.]

*Lumley* cites *People v Catey,*[4] where we made it clear that if there are credibility issues, we accord

---

[3] 154 Mich App 618, 620; 398 NW2d 474 (1986).

[4] 135 Mich App 714; 356 NW2d 241 (1984), lv den 422 Mich 940 (1985).

special deference to the trial judge's findings regarding that issue.

In the within case, additional procedural safeguards existed in favor of defendant because he was a juvenile at the time of his questioning by police. These safeguards are contained in MCL 764.27; MSA 28.886, which provides:

> Whenever any child under the age of 17 years is arrested with or without a warrant, such child shall be taken *immediately* before the juvenile division of the probate court of the county wherein the offense is alleged to have been committed and the officer making the arrest shall *immediately* make and file or cause to be made and filed, a petition against such child as provided by chapter 12A of Act No. 288 of the Public Acts of 1939, as amended, being sections 712A.1 to 712A.28 of the Compiled Laws of 1948 and the court shall proceed to hear and determine the matter in like manner as provided by said act, as amended. [Emphasis added.]

Similarly, MCR 5.903(E) provides that when a child under the age of seventeen is taken into custody during the hours that the court is open, the police officer must *immediately* take the child before the juvenile division of the probate court. In addition, MCR 5.903(E) and MCR 5.902(C) provide that when a child under the age of seventeen is taken into custody, the parent, guardian or custodian is to be notified immediately and reasonable steps must be taken to provide for their presence at the child's hearing before the probate court. As a general rule, MCL 712A.16; MSA 27.3178(598.16) provides that a child under the age of seventeen shall not be confined in any police station, prison, jail, lockup or reformatory. In addition, MCR 5.906(B) provides that in order for a child to

voluntarily, understandingly waive his right to an attorney, the concurrence of the child's parent, guardian, custodian or guardian ad litem must be obtained.

The effect of failure by police to comply with the procedural safeguards of MCL 764.27; MSA 28.886 has not always been automatic suppression of statements made by the accused during the improper delay in bringing him before the probate court. But a line of cases, beginning with *People v Roberts*[5] in 1966, has appeared to so hold. In *People v Wolff,*[6] we followed this rule, saying:

> We reverse on the authority of *People v Roberts,* 3 Mich App 605 [143 NW2d 182 (1966)]. The failure to take this minor defendant before the juvenile court *immediately,* as required by CL 1948, § 764.27 [MSA 28.886], was a violation of defendant's right to due process and vitiated the August 14 confession. The subsequent finding of voluntariness did not cure this defect.

A further strong example was *People v Allen,*[7] where we said:

> The Juvenile Court Rules of 1969 set out specific procedures to assure that a child is taken promptly before the juvenile court. See JCR 1969, 2.2, 3.1, 4, 6. Furthermore, in *People v Wolff,* 23 Mich App 550, 552; 179 NW2d 206 (1970), this Court specifically found that the failure to take a minor defendant before the juvenile court immediately, as required by MCL 764.27; MSA 28.886, violated defendant's right to due process and invalidated his confession. See also MCL 712A.14, 712A.16; MSA 27.3178(598.14), 27.3178(598.16).

---

[5] 3 Mich App 605; 143 NW2d 182 (1966).

[6] 23 Mich App 550, 552; 179 NW2d 206 (1970).

[7] 109 Mich App 147, 156-157; 311 NW2d 734 (1981), lv den 412 Mich 913 (1982).

On the other hand, in *People v Irby*,[8] we chose to review the totality of circumstances and refused to find that violation of the statute providing that a juvenile be taken immediately before a juvenile court official required suppression of a confession. A similar case is *People v Jordan*,[9] where, in upholding suppression of a confession made by a sixteen-year-old, we said:

> We conduct an independent review of the record but will not reverse unless we come to a definite and firm conviction that the court's findings were erroneous and its suppression of the confessions unreasonable.

In reviewing the trial judge's findings after the *Walker* hearing, we do not find it necessary to resolve the possible conflict between these cases. Under either, the trial judge's results are affirmed. If we apply the *Wolff-Allen* rule, we believe it is altogether clear that the statute was not complied with. Obviously, defendant, then not yet sixteen, was not taken *immediately* before the juvenile division of the probate court, and the arresting officer did not *immediately* make and file a petition against the child. In *People v Roberts*,[10] Justice SOURIS, writing in an equally divided Court, said: "I cannot agree with the people's contention that *'immediately,'* as used in the statute first above quoted, permits 'a brief delay' for the purposes of booking and affording the accused 'an opportunity to clear himself by a statement.'" Neither the prosecutor nor the police nor the

---

[8] 129 Mich App 306; 342 NW2d 303 (1983), lv den 418 Mich 951 (1984). Also see *People v Morris,* 57 Mich App 573, 575-576; 226 NW2d 565 (1975), lv den 394 Mich 751 (1975).

[9] 149 Mich App 568, 577; 386 NW2d 594 (1986).

[10] 364 Mich 60, 68-69; 110 NW2d 718 (1961). This case was followed by the same case reported in 3 Mich App 605; 143 NW2d 182 (1966), *supra.*

probate court was entitled to disregard the plain language of the statute at defendant's expense. Taking defendant before the probate court, whether it be a judge, magistrate or referee, would, among other things, have served the purpose of impressing on this juvenile, the same as if he were an adult, that he was entitled to legal counsel. The *Wolff-Allen* rule would require suppression of a confession extracted in lieu of taking defendant into the probate court.

If we apply the totality of circumstances approach articulated in *Irby, supra,* we reach the same result for the following reasons:

(1) The evidence supports the trial judge's conclusion that the police used the delay in taking defendant before the probate court as a tool to extract a confession from a defendant who was fifteen years and eleven months old.

(2) Defendant was "in custody" from the time he entered the police car with the police officer to drive to the police station, and both defendant and the officer knew that he was from then on in the custody of the police officer.

(3) While the police informed defendant of his *Miranda*[11] rights, there was a question whether he understood that he, not the police, had the right to stop the questioning. Defendant at age fifteen years and eleven months, with an estimated mental age of twelve and an I.Q. in the mid-seventies, was susceptible to the influence of others and his understanding of the warnings given him and, particularly, his entitlement to stopping the questioning, was highly suspect. During his long interrogation,[12] defendant attempted to stop the ques-

[11] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[12] The first interview began at 9:33 A.M. and ended at approximately 12:10 P.M. The second interview started around 12:45 and was completed in less than an hour.

tioning, saying he was confused, as follows:

> *Defendant:* I'm confused. Stop for a minute. Stop for a minute.
>
> *Slenk:* [*Police Officer*] That's okay. We don't have to stop it. You can think. We can let it run.
>
> *Defendant:* No, I'm not thinking about nothing. Go ahead. I'm just saying, you confuse me.

(4) The police did not comply with the extra-procedural safeguards provided by the juvenile statute. As previously indicated, MCL 764.27; MSA 28.886 was violated. Even if we accept the prosecutor's version that defendant was not arrested until after the first interview, the police still would have violated MCL 764.27; MSA 28.886 because they chose not to take defendant immediately before the probate court, but proceeded instead to extract a confession from him.

(5) MCR 5.903(A) and 5.906(A) and (B) refer to "the parent, guardian or custodian." Clearly, defendant's aunt was neither his parent nor his guardian. The prosecutor, however, claims that the aunt was defendant's custodian. The proofs indicate a close question regarding this issue. The question is important because unless she was his custodian, there was no valid waiver by the less than sixteen-year-old defendant of his Sixth Amendment right to counsel.[13] As a matter of fact, in this case the aunt acted in conjunction with the police in persuading defendant to confess.

Consequently, viewing the totality of circumstances in this case, we believe the order suppressing defendant's confession should be affirmed.

Second, defendant claims that the trial court erred in denying his motion to dismiss for lack of a

---

[13] See MCR 5.906(B)(1).

speedy trial. Judge Freeman denied defendant's motion to dismiss for lack of a speedy trial because (1) he found defendant's claim to be unsubstantiated and (2) the prosecutor intended to appeal the order suppressing defendant's statements to police. He stated that he would deny defendant's motion "on an interim basis pending the review by the Court of Appeals". In fact, the order denying defendant's motion was not entered until December 26, 1986, several days after the prosecutor had filed a claim of appeal on the suppression order. The prosecutor argues that once a claim of appeal was filed, the trial court lacked jurisdiction to enter an order denying defendant's motion on the speedy trial issue and, thus, this Court is left with nothing to review.

Upon the filing of a claim of appeal in a criminal case, jurisdiction is vested in this Court.[14] Thus, when a claim of appeal is filed with this Court, the circuit court loses jurisdiction to conduct further proceedings and "[u]ntil the pending application for leave to appeal is resolved, jurisdiction is not revested in the circuit court."[15] While we believe this is dispositive of the issue, we note that even if we applied the four-factor balancing test adopted by both the Michigan and United States Supreme Courts, defendant's right to a speedy trial would not appear to have been violated.[16] The four factors are (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. A significant portion of the pretrial delay is attributable to defendant's aggressive pre-

---

[14] *People v George,* 399 Mich 638, 640; 250 NW2d 491 (1977).

[15] See *People v Thornton,* 407 Mich 892; 284 NW2d 125 (1979), and *People v Gauntlett,* 419 Mich 909; 353 NW2d 463 (1984).

[16] *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972).

trial tactics.[17] Defendant's claim that he was deprived of a speedy trial is without merit.

Consequently, we affirm the trial court's order suppressing defendant's confession and the order denying defendant's motion to dismiss for alleged failure to receive a prompt and speedy trial.

Affirmed.

---

[17] *People v Harris,* 110 Mich App 636; 313 NW2d 354 (1981).