### PEOPLE v GOOD

Docket No. 114609, 118277. Submitted May 8, 1990, at Detroit. Decided November 6, 1990, at 9:25 A.M.

Jonathan J. Good, age sixteen, was charged in Detroit Recorder's Court with first-degree murder, armed robbery, unlawfully driving away an automobile, and possession of a firearm during the commission of a felony. In a separate case he was additionally charged with armed robbery, three counts of assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony. The court, George W. Crockett, III, J., suppressed the defendant's written confession on the ground that he had not been taken immediately before the juvenile court when arrested. The prosecution appealed by leave granted the suppression of the defendant's statement in both cases. The appeals were consolidated.

The Court of Appeals *held:*

The trial court erred in ruling that violation of the statute and court rule requiring that juveniles be taken immediately before the juvenile court requires automatic suppression of the defendant's statement and in denying the prosecution's motion for reconsideration. The failure to take the defendant immediately before the juvenile division of the probate court does not require suppression per se of the statement made by the defendant during the period of delay. The proper test is whether, under the totality of the circumstances, the defendant's statement was voluntary. The defendant never contended that his statement was involuntary, and there is sufficient evidence to allow application of the totality of the circumstances test. Application of that test to the evidence supports a finding that the defendant's confession was voluntary and thus admissible.

Reversed and remanded.

REFERENCES

Am Jur 2d, Evidence §§ 574, 1134; Juvenile Courts and Delinquent and Dependent Children §§ 35, 50.

Admissibility of confession or other statement made by defendant as affected by delay in arraignment—modern state cases. 28 ALR4th 1121.

1. CRIMINAL LAW — JUVENILE OFFENDERS — CONFESSIONS.

The failure to take an arrested juvenile immediately before the juvenile division of the probate court does not require suppression per se of a statement made by the juvenile during the period of delay; the proper test is whether, under the totality of the circumstances, the statement was voluntary (MCL 764.27; MSA 28.886; MCR 5.934[A][1]).

2. CRIMINAL LAW — JUVENILE OFFENDERS — CONFESSIONS — TOTALITY OF THE CIRCUMSTANCES TEST.

The factors that must be considered in applying the totality of the circumstances test to determine the admissibility of a juvenile's confession include: (1) whether the defendant was advised of rights and clearly understood and waived those rights; (2) the degree of police compliance with the applicable statutes and juvenile court rules; (3) the presence of an adult parent, custodian, or guardian; (4) the juvenile defendant's personal background; (5) the defendant's age, education and intelligence level, and the extent of the defendant's prior experience with the police; (6) the length of detention before the statement was made; (7) the repeated and prolonged nature of the questioning; and (8) whether the defendant was injured, intoxicated, in ill health, physically abused or threatened with abuse, or deprived of food, sleep or medical attention (MCL 764.27; MSA 28.886; MCR 5.934[A][1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Ira G. Harris,* for defendant.

Before: MACKENZIE, P.J., and SAWYER and DOCTOROFF, JJ.

PER CURIAM. The prosecutor appeals by leave granted from a Recorder's Court order which sup-

pressed defendant's[1] incriminating statement. The trial court suppressed defendant's confession because defendant was not taken immediately before the juvenile court as required by MCL 764.27; MSA 28.886. The prosecutor argues that the trial court erred in not considering the totality of the circumstances to determine whether defendant's written statement had been voluntarily given. We agree and reverse.

In Docket No. 114609, defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, unlawfully driving away an automobile, MCL 750.413; MSA 28.645, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On February 18, 1988, defendant allegedly broke into a private residence, fatally shot an occupant with a .22 caliber rifle, and took a Ford pickup truck. In Docket No. 118277, defendant was charged with armed robbery, MCL 750.529; MSA 28.797, three counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), in connection with the February 18, 1988, robbery of a Pizza King restaurant during which three employees were shot in the legs with a .22 caliber rifle. In a third case, which is not the subject of these appeals, defendant was charged with armed robbery and felony-firearm.

During the police investigation of the crimes, a witness came forward and claimed that he saw defendant carrying a rifle in the vicinity of the residential shooting approximately twenty minutes

---

[1] Defendant, who was sixteen years old at the time the charged offenses were committed, was being tried as an adult pursuant to MCL 764.27; MSA 28.886 and MCL 712A.4(1); MSA 27.3178(598.4)(1).

before the shooting occurred. The police questioned defendant on February 21, 22 and 23, 1988, at the Riverview police station and in the presence of either his mother or his father. Defendant denied any personal involvement in any of the offenses and implicated a friend, Timothy Lester. The focus of the investigation was on Lester. Defendant was not a suspect at the time, but was considered to be a witness.

At the request of the police, defendant agreed to take a polygraph examination. Defendant and his mother arrived at the Northville State Police Post at 12:30 P.M., but then left to eat lunch. The polygraph interview began at approximately 1:30 P.M. and was conducted by Officer Harold Raupp of the Michigan State Police. Raupp and defendant were the only ones present in the examination room. The police officer in charge of the investigation, Patrolman Royal Williams of the Riverview Police Department, waited in an adjacent office and monitored the examination via a closed circuit monitor. Defendant was advised of, and agreed to waive, his constitutional rights. During the interview preceding the actual polygraph examination, defendant admitted his participation in all three offenses. At this point, Raupp called off the polygraph. The time was between 2:35 and 3:00 P.M.

Raupp and Williams conferred for a few minutes and then Williams questioned defendant. In the presence of his mother, defendant was readvised of his constitutional rights. Both he and his mother signed a waiver form. The time was 3:30 P.M. Defendant's oral statements incriminating himself were reduced to writing by Williams. Defendant and his mother signed each page of the written statement. The interview concluded at 4:50 P.M. Williams then telephoned defendant's father and asked him to meet them at the Riverview Police

Department. Williams drove defendant to the station. Defendant sat in the front seat and was not handcuffed. Defendant's mother followed behind them in her car. They arrived at the station at 6:00 P.M. and were met by defendant's father.

At the station, Williams prepared a probate court petition to have defendant admitted to the county youth home. Defendant was not placed in a cell but was allowed to stay with his parents in the chief deputy's office. After giving defendant a few private minutes with his parents, Williams transported him to the youth home. They arrived there at approximately 8:00 P.M.

Prior to trial, defendant filed motions to suppress his statement on the ground that the police had not complied with the statutory and court rule requirements of taking him "forthwith," MCR 5.934(A)(1), or "immediately," MCL 764.27; MSA 28.866, before the juvenile division of the probate court or to a place designated by the court pending a preliminary hearing. At the hearing on the motions, Williams acknowledged that he had probable cause to believe defendant had committed a felony after defendant made the oral admission to Raupp. Further, Williams considered defendant to be "technically under arrest" when he gave the written statement. Williams testified that defendant was not threatened or forced in any way to make a statement. The trial court granted the motion to suppress the written statement, ruling that suppression was required because the mandate that a juvenile defendant be "immediately" or "forthwith" taken before the juvenile division of the probate court was not complied with. The court did not make a finding as to whether the written statement was nevertheless voluntarily given. The trial court denied the motion to suppress defendant's oral statement to Raupp, finding

that defendant should have realized that any statement made to Raupp would be disseminated to other persons and that defendant voluntarily, knowingly, and understandingly made the statement. The prosecutor's motion for reconsideration was denied. This Court granted the prosecution's motions for stay of proceedings.

On appeal, the prosecutor argues that the trial court erred as a matter of law in not considering the totality of the circumstances to determine whether defendant's statement was voluntary and admissible.

A trial court's decision to suppress evidence will be reversed only if that decision was clearly erroneous. A decision is clearly erroneous when this Court is firmly convinced that a mistake has been committed below. *People v Weston,* 161 Mich App 311, 313; 409 NW2d 819 (1987).

There is no dispute that Williams violated MCL 764.27; MSA 28.886[2] and MCR 5.934(A)(1) when he obtained defendant's written statement at the State Police post.[3] We must, therefore, determine what the consequences of the violation are. Neither the statute nor the court rule speaks to this issue.

Some cases have held that violation of the stat-

---

[2] We note that MCL 764.27; MSA 28.886 was amended by 1988 PA 67, effective October 1, 1988. As amended, the statute does not apply to those juveniles charged as adults under the "automatic waiver" rules as set forth at MCL 600.606; MSA 27A.606 and MCL 764.1f; MSA 28.860(6). See *People v Brooks,* 184 Mich App 793; 459 NW2d 313 (1990). Thus, the voluntary statement of a juvenile who is not immediately taken upon arrest to the juvenile division of the probate court is now admissible under the amended statute if the juvenile is charged as an adult. *Id.* Although this case predates the effective date of the amended statute, the result we reach is consistent with the statute as amended.

[3] The delay attributed to completing the petition for defendant's admittance in the youth home did not violate the "immediately" and "forthwith" requirements. See *People v Morris,* 57 Mich App 573, 576; 226 NW2d 565 (1975), lv den 394 Mich 751 (1975), cert den 423 US 849; 96 S Ct 90; 46 L Ed 2d 72 (1975).

ute requires automatic suppression of the defendant's statement. See *People v Wolff,* 23 Mich App 550; 179 NW2d 206 (1970), lv den 384 Mich 754 (1970), and *People v Allen,* 109 Mich App 147; 311 NW2d 734 (1981), lv den 412 Mich 913 (1982). However, other cases have rejected this per se approach in favor of a "totality of circumstances" test for determining the voluntariness, and thus admissibility, of a statement obtained in violation of the court rule and statute. See *People v Jordan,* 149 Mich App 568; 386 NW2d 594 (1986), and *People v Irby,* 129 Mich App 306, 316-317; 342 NW2d 303 (1983), lv den 418 Mich 951 (1984). See also *People v Roberts,* 3 Mich App 605; 143 NW2d 182 (1966), and *People v Jackson,* 171 Mich App 191, 197; 429 NW2d 849 (1988), lv den 432 Mich 896 (1989). The Court, in *People v Williams,* 163 Mich App 744; 415 NW2d 301 (1987), declined to resolve the apparent conflict in decisions, finding that the confession was properly suppressed regardless of which test, per se or totality of the circumstances, was used.

The prosecutor argues that the per se rule should be rejected and the totality of the circumstances rule should be adopted. The prosecutor relies on *People v Cipriano,* 431 Mich 315; 429 NW2d 781 (1988), reh den 431 Mich 1206 (1988). In *Cipriano,* the Michigan Supreme Court examined the effect of the statutory requirement that an arrested person be brought before a magistrate for arraignment "without unnecessary delay," MCL 764.13; MSA 28.871(1); MCL 764.26; MSA 28.885, upon the admissibility of a confession obtained during a period of prearraignment delay. The Court held that the test of admissibility is whether the totality of the circumstances surrounding the confession indicates that it was freely and voluntarily made. *Id.,* p 334. Unnecessary delay is one

factor to be considered in evaluating the voluntariness of a confession and the confession should not be excluded from evidence solely because of prearraignment delay. *Id.*, pp 334-335.

The Court in *Cipriano* noted that the *McNabb-Mallory*[4] exclusionary rule, which automatically excludes incriminating statements obtained during a period of unnecessary delay in arraignment, was adopted in Michigan in *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960). *Cipriano, supra,* p 325. After reviewing the subsequent case law regarding prearraignment delay, the Court examined the purpose sought to be achieved by the *McNabb-Mallory* exclusionary rule. *Id.*, pp 330-331. The Court concluded that, in light of changes in constitutional doctrines since the release of *McNabb* and *Mallory,* adherence to the *McNabb-Mallory* rule was no longer required. *Id.*, pp 331-333. Noting that the prearraignment delay statutes do not provide that noncompliance renders a voluntary confession inadmissible, the Court ruled that "unnecessary delay in arraignment is only one of the factors that should be considered in evaluating the voluntariness of a confession." *Id.*, p 333. The Court further held that "an otherwise competent confession should not be excluded solely because of a delay in arraignment." *Id.*, p 335.

The issue before the Court in *Cipriano* is closely analogous to the issue in the case at bar. The right of a juvenile to be taken before the juvenile court forthwith and immediately, like the right of an adult to be arraigned without unnecessary delay, has not been elevated to the level of a constitutional right. *Cipriano, supra,* p 332; *Irby, supra,* p 316. The *McNabb-Mallory* rule and the prompt

[4] *McNabb v United States,* 318 US 332; 63 S Ct 608; 87 L Ed 819 (1943), reh den 319 US 784 (1943); *Mallory v United States,* 354 US 449; 77 S Ct 1356; 1 L Ed 2d 1479 (1957).

arraignment statutes at issue in *Cipriano* and the statute and court rule at issue in the instant case are procedural safeguards designed to deter official misconduct. See *Cipriano, supra,* p 332; *Irby, supra,* p 316. The holding in *Cipriano* reflects the Supreme Court's current thinking that a prophylactic rule designed to deter official misconduct does not automatically require suppression of an incriminating statement obtained as a result of that misconduct. This confirms the correctness of the line of cases which adopted the totality of the circumstances test.[5]

We find that the trial court erred in ruling that violation of MCL 764.27; MSA 28.886, and of MCR 5.934(A)(1), required automatic suppression of defendant's statement and in denying the prosecutor's motion for reconsideration.

Having determined that the failure to take defendant immediately and forthwith before the juvenile division of the probate court does not per se require suppression of the statement made by defendant during the period of delay and that the proper test to be applied is whether, under the totality of the circumstances, defendant's statement was voluntarily made, we now apply the totality of the circumstances test to the facts of this case. In so doing, we recognize that defendant moved to suppress his statement on grounds that it was taken in violation of MCL 764.27; MSA 28.886, and MCR 5.934(A)(1), and that defendant did not contend that his statement was involuntary. Defendant moved for an evidentiary hearing "concerning the circumstances surrounding the taking of the statement." Although the hearing was technically not a *Walker*[6] hearing, the prose-

[5] In light of this analysis, Judge MacKenzie no longer adheres to the holding of *People v Allen, supra.*

[6] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87

cutor argued at the hearing that the totality of the circumstances test was satisfied and that the statement was voluntary. Hence, the voluntariness question was before the trial court. We have carefully reviewed the transcript and find that sufficient evidence was presented to enable us to apply the totality of the circumstances test.

The factors that must be considered in applying the totality of the circumstances test to determine the admissibility of a juvenile's confession include (1) whether the requirements of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), have been met and the defendant clearly understands and waives those rights, (2) the degree of police compliance with MCL 764.27; MSA 28.866 and the juvenile court rules, (3) the presence of an adult parent, custodian or guardian, and (4) the juvenile defendant's personal background. *Irby, supra,* p 320.

In addition, the court must consider (1) the accused's age, educational and intelligence level, and the extent of the accused's prior experience with the police, (2) the length of detention before the statement was made, (3) the repeated and prolonged nature of the questioning, and (4) whether the accused was injured, intoxicated, in ill health, physically abused or threatened with abuse, or deprived of food, sleep or medical attention. *Cipriano, supra,* p 334.

Applying the above factors to the case at bar, the record reflects that the statement merely reiterated, and allowed Williams to put into writing, what defendant had already told Raupp during the prepolygraph interview. Thus, it cannot be said that the delay was employed as a tool to extract the confession. Furthermore, defendant was ad-

(1965).

vised of his *Miranda* rights on several occasions. He indicated that he understood those rights and was willing to waive them. At all times, defendant was in the presence of his mother. She signed the waiver form, indicating her assent to defendant's waiving his constitutional rights and making a statement. Defendant had completed or was in the process of completing tenth grade. Defendant had lunch just a short time before making the statement. He does not claim to have been intoxicated, in ill health, abused, threatened, or deprived of food, sleep or medical attention. We find that defendant's statement was voluntarily made and, thus, is admissible at trial.

Reversed and remanded. We do not retain jurisdiction.