PEOPLE v MILTON (ON REMAND)

Docket No. 144369. Submitted September 16, 1991, at Lansing. Decided November 4, 1991, at 9:15 A.M. Leave to appeal sought.

Aaron A. Milton was convicted by a jury in the Delta Circuit Court, Dean J. Shipman, J., of second-degree murder committed when he was fifteen years old and was sentenced to twenty-five to fifty years' imprisonment. The Court of Appeals affirmed the conviction and sentence. 186 Mich App 574 (1990). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration of whether the trial court should have suppressed evidence of the defendant's confession because the police did not take the defendant before the probate court immediately after his arrest. 438 Mich 852 (1991).

On remand, the Court of Appeals *held:*

The failure to take an arrested juvenile before the probate court immediately, as required by MCL 764.27; MSA 28.886, does not, by itself, require the suppression of a confession made by the juvenile during the period of delay. The proper test is whether, under the totality of the circumstances, the statement was voluntary. Under the totality of the circumstances of this case, the defendant's confession was voluntary. The trial court did not err in admitting the confession.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Thomas L. Casey,* Assistant Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender (by *Kim Robert Fawcett),* for the defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

NEFF, J. This Court previously affirmed defendant's conviction of second-degree murder in *People v Milton,* 186 Mich App 574; 465 NW2d 371 (1990). Defendant thereafter sought leave to appeal to our Supreme Court, which, in lieu of granting leave to appeal, remanded the case to this Court for consideration of the issue raised in defendant's supplemental brief. 438 Mich 852 (1991). In all other respects, the Supreme Court denied defendant's application for leave to appeal. After considering the supplemental issue, we again affirm.

Defendant contends that the trial court erred in admitting his confession at trial because police officers questioned him without immediately taking him before the probate court and filing a petition against him, as required by MCL 764.27; MSA 28.886.

Defendant urges us to follow a line of cases requiring automatic suppression of a defendant's statement where the language of the statute is not strictly applied. See generally *People v Strunk,* 184 Mich App 310, 316; 457 NW2d 149 (1990), for a discussion of the line of cases adopting the rule of strict application of the statutory language. The people ask us to follow the greater weight of authority, which holds that the admissibility of a juvenile's confession taken in violation of the strict letter of the statute is to be judged by the totality of the circumstances under which the statement was made. See *id.,* pp 316-317.

In *People v Good,* 186 Mich App 180, 188; 463 NW2d 213 (1990), this Court determined that the failure to take a defendant immediately and forthwith before the juvenile division of the probate court does not per se require suppression of a

statement made by the defendant. The Court further determined that the proper test to be applied is whether, under the totality of the circumstances, the defendant's statement was voluntarily made. *Id.* Pursuant to Administrative Order No. 1990-6, the decision in *Good* is controlling.

We have considered the factors enunciated in *Good,* which must be considered in applying the totality of the circumstances test to determine the admissibility of defendant's confession, and agree with the trial court's conclusion that, under the totality of the circumstances, defendant's confession was voluntarily made and was admissible at trial.

Affirmed.